■ MARK WILLIAMS et al., Respondents, v DOROTHY MC-GINTY et al., Appellants. [613 NYS2d 218] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Westchester County, (Ruskin, J.), entered December 28, 1992, which denied their motion for a protective order with respect to a notice for discovery and inspection dated July 29, 1992, and granted the plaintiffs' cross motion to the extent of dismissing the defendants' counterclaim unless the appellants provided an authorization for release of the results of any blood alcohol test administered to her by a hospital in connection with the accident within 20 days after service of the order upon them; and (2) a judgment of the same court, entered April 22, 1993, dismissing the defendants' counterclaim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the cross motion to dismiss the defendants' counterclaim is denied, and the defendants' motion for a protective order regarding the plaintiffs' July 29, 1992, notice for discovery and inspection is granted insofar as the notice sought the results of any blood alcohol test administered to the defendant, Dorothy McGinty, by a hospital.

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment on the counterclaim (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This appeal arises from an automobile accident in which a car driven by the defendant Dorothy McGinty crossed over a double yellow line and collided with a car coming from the opposite direction and being driven by the plaintiff Mark Williams. The defendants answered, asserting, *inter alia,* the affirmative defense of comparative negligence and a counterclaim for contribution and/or indemnity. The plaintiffs then served a demand for discovery and inspection seeking, *inter alia,* Dorothy McGinty's authorization for release of the results of any blood alcohol tests administered to her by a hospital in connection with the accident.

Thereafter, a conference was held before the Supreme Court and the defendants were orally directed to comply with the notice for discovery and inspection. The defendants then moved for a protective order vacating the notice, on the ground that the physician-patient privilege precluded such disclosure, and the plaintiffs cross-moved to dismiss the counterclaim based upon the defendants' failure to comply with disclosure demands.

In the order appealed from entered December 28, 1992, the Supreme Court held that the defendants were required to comply with the notice for discovery and inspection, since Dorothy McGinty had "put her physical condition 'in controversy' by admitting [at her examination before trial that] she had had four beers prior to the accident and by claiming that the accident caused amnesia". The court also granted the plaintiffs' cross motion to the extent of dismissing the defendants' counterclaim unless Dorothy McGinty supplied the requested authorization within 20 days. She did not comply with the order, and on April 22, 1993, the court entered judgment dismissing the defendants' counterclaim. We now reverse.

We agree that since Dorothy McGinty does not deny that she consumed alcohol prior to the accident, the plaintiffs met their threshold burden of demonstrating that her physical condition at the time of the accident is "in controversy" *(see, Dillenbeck v Hess,* 73 NY2d 278, 287; *Koump v Smith,* 25 NY2d 287, 300). However, merely concluding that Dorothy McGinty's physical condition is in controversy does not automatically mean that the discovery of her blood alcohol test results should be permitted. Discovery may still be precluded if the requested information is privileged, e.g., the physician-

patient privilege accorded under CPLR 4504, and thus exempted from disclosure *(see,* CPLR 3101 [b]; *Dillenbeck v Hess, supra,* at 287). As stated by the Court of Appeals:

"Once the privilege is validly asserted, it must be recognized and the sought-after information may not be disclosed unless it is demonstrated that the privilege has been waived (CPLR 4504 [a]; *see, Koump v Smith,* 25 NY2d, at 294, *supra;* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4504.19; Fisch, NY Evidence § 554 [2d ed]).

"A litigant will be deemed to have waived the privilege when, in bringing or defending a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue *(Koump v Smith,* 25 NY2d, at 294, *supra)" (Dillenbeck v Hess, supra,* at 287).

In the case at bar, Dorothy McGinty did not waive her physician-patient privilege by denying the allegations in the complaint or by merely stating that she cannot remember any details of the accident, since she has not offered the fact of her memory loss to excuse her conduct *(see, Dillenbeck v Hess, supra,* at 287). Similarly, the privilege is not lost simply because the defendants asserted the defenses of comparative negligence and the failure of the plaintiffs to wear seat belts, "since neither defense seeks to excuse the conduct complained of by asserting a physical or mental condition" *(Dillenbeck v Hess, supra,* at 289). Nor has the privilege been forfeited because the defendants interposed a counterclaim for contribution and/or indemnity, since this counterclaim does not "affirmatively assert" any physical or mental condition of the defendant Dorothy McGinty *(see, Dillenbeck v Hess, supra,* at 287-288; *Koump v Smith, supra,* at 294). In fact, the defendants' counterclaim does not seek any damages from the plaintiff for any injuries which Dorothy McGinty may have incurred as a result of the accident, but only seeks to obtain the relief accorded under the doctrine of comparative negligence.

Accordingly, since Dorothy McGinty did not waive her physician-patient privilege, the plaintiffs should have been precluded from obtaining the results of any blood alcohol test which may have been administered to her in a hospital as a result of the accident.

We also note that the defendants' failure to timely move for a protective order, after receipt of the plaintiffs' notice for discovery and inspection, does not foreclose our inquiry into the propriety of the notice, since the information sought to be

discovered thereunder constituted privileged matter *(see, Sprague v International Bus. Machs. Corp.,* 114 AD2d 1025; CPLR 3122).* O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.