■ Joy Conlin et al., Appellants, v Peter Birritella et al., Respondents. [665 NYS2d 550] —In an action, *inter alia,* to re-

cover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered November 8, 1996, which denied their motion to direct the defendants to provide authorizations for the release of certain medical records pursuant to CPLR 3121 (a).

Ordered that the order is affirmed, with costs.

A party seeking to inspect a defendant's hospital or medical records must first demonstrate that the defendant's physical condition is "in controversy" within the meaning of CPLR 3121 (a) (*see, Dillenbeck v Hess,* 73 NY2d 278, 286-287; *Koump v Smith,* 25 NY2d 287, 300; *Navedo v Nichols,* 233 AD2d 378). Even if the party seeking the information satisfies that initial burden, discovery may still be precluded if the requested information is privileged (*see,* CPLR 3101, 4504).

Here, the plaintiffs failed to sustain their initial burden of demonstrating that the defendant Peter Birritella's physical condition at the time of the accident was "in controversy". In addition, the physician-patient privilege has been validly asserted and has not been waived (*see, Navedo v Nichols, supra*). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.