■ ALPHONSE R. SCINTA, Individually and as Father and Natural Guardian of ALPHONSE D. SCINTA, an Infant, et al., Respondents-Appellants, v KATHLEEN J. VAN COEVERING, as Administratrix of the Estate of RUSSELL J. VAN COEVERING, II, Deceased, Appellant-Respondent, and SISTERS OF CHARITY HOSPITAL, Respondent. [672 NYS2d 186] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Kathleen J. Van Coevering, administratrix of the estate of decedent doctor (defendant), contends that Supreme Court erred in ordering her to comply with plaintiffs' request to disclose decedent's medical and psychiatric records. In seeking to inspect those records, plaintiffs had to demonstrate that decedent's physical or medical condition at the time of the alleged malpractice is "in controversy" (*Dillenbeck v Hess*, 73 NY2d 278, 287; *see, Navedo v Nichols*, 233 AD2d 378). Even assuming that plaintiffs met their burden, we conclude that discovery would still be precluded if the requested information was privileged and that privilege had not been waived (*see, Dillenbeck v Hess, supra*, at 287; *Williams v McGinty*, 205 AD2d 617, 618-619). Here, plaintiffs' proof that decedent committed suicide two weeks after the alleged malpractice is insufficient to meet plaintiffs' initial burden of demonstrating that decedent's medical and psychiatric condition at the time of the alleged malpractice is in controversy (*see, Dillenbeck v Hess, supra*, at 286-287; *Navedo v Nichols, supra; Williams v McGinty, supra*, at 618). Moreover, defendant has asserted the physician-patient privilege and has not waived it by affirmatively asserting decedent's medical condition " 'either by way of counterclaim or to excuse the conduct complained of by the plaintiff[s]' " (*Dillenbeck v Hess, supra*, at 288, quoting *Koump v Smith*, 25 NY2d 287, 294; *see, Navedo v Nichols, supra*, at 379; *Williams v McGinty, supra*, at 619). Plaintiffs failed to establish that decedent did not expect the information to remain confidential or that he shared it with other individuals (*cf., State of New York v General Elec. Co.*, 201 AD2d 802). Consequently, we modify the order by denying in its entirety plaintiffs' motion to compel disclosure.

We have reviewed the contention of plaintiffs on their cross appeal and conclude that it is without merit. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Discovery.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.