■ AMY JOYNER, Individually and as Parent and Natural Guardian of EMILY FALKER, an Infant, Respondent, v OAKFIELD ALABAMA CENTRAL SCHOOL DISTRICT et al., Appellants. [726 NYS2d 312] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the follow-

ing Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her daughter, an eighth-grade student, when defendant Adam Chaddock, a sixth-grade student, grabbed her hand and twisted her finger while they were waiting for the school bus. Plaintiff filed a notice for discovery and inspection requesting Adam's school records, and defendant Brenda Coopenburg, Adam's mother, obtained those records and provided plaintiff with them, with the exception of the medical records contained therein. Plaintiff moved to compel Adam, Coopenburg and defendant Oakfield Alabama Central School District (District) to provide Adam's school records in their entirety. Supreme Court erred to the extent that it directed Adam and Coopenburg to provide an authorization for the release of the medical records and directed the District to provide each party with a copy of those medical records. In order to establish her entitlement to those medical records, plaintiff had to demonstrate that Adam's physical or mental condition at the time of the incident is "in controversy" (*Dillenbeck v Hess,* 73 NY2d 278, 287; *see, Coddington v Lisk,* 249 AD2d 817; *Scinta v Van Coevering,* 249 AD2d 889; *Conlin v Birritella,* 244 AD2d 381, 382). Plaintiff failed to meet her initial burden (*see, Conlin v Birritella, supra,* at 382; *Navedo v Nichols,* 233 AD2d 378, 379), and thus the burden never shifted to Coopenburg and the District to establish that the requested information is privileged and thus exempt from disclosure pursuant to CPLR 3101 (b) and 4504 (*see, Dillenbeck v Hess, supra,* at 287; *Scinta v Van Coevering, supra,* at 889). We therefore modify the order by vacating the direction that Adam and Coopenburg provide an authorization for the release of Adam's medical records and by vacating the direction that the District provide each party with a copy of Adam's medical records. (Appeals from Order of Supreme Court, Genesee County, Notaro, J.—Discovery.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.