■■ ALPHONSE R. SCINTA, Individually and as Father and Natural Guardian of ALPHONSE D. SCINTA, an Infant, et al., Respondents, v KATHLEEN J. VAN COEVERING, as Administratrix of the Estate of RUSSELL J. VAN COEVERING, II, M.D., Deceased, et al., Appellants. [726 NYS2d 520] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs' medical malpractice action has been before us on two prior appeals. In the first appeal, defendants, Kathleen J. Van Coevering, Administratrix of the Estate of Russell J. Van Coevering, II, M.D., deceased (Estate) and Sisters of Charity Hospital (Hospital), appealed from an order compelling an in camera inspection of decedent's medical and psychiatric records for two years before the alleged malpractice, and directing the Hospital to submit its quality assurance and credentials files of decedent for an in camera inspection. We affirmed the order without a writing (Scinta v Van Coevering, 234 AD2d 1020). Supreme Court subsequently conducted the in camera inspection of the records, and ordered the disclosure of the medical and psychiatric records of decedent for two years before his suicide. In the

second appeal, the Estate appealed and plaintiffs cross-appealed, and we modified the order by denying in its entirety plaintiffs' motion to compel disclosure, determining that plaintiffs failed to meet their initial burden of demonstrating that decedent's medical and psychiatric condition at the time of the alleged malpractice is in controversy (*Scinta v Van Coevering*, 249 AD2d 889). In making that determination, we had the benefit of decedent's medical and psychiatric records.

In April 2000 plaintiffs renewed their motion for disclosure of decedent's medical and psychiatric records, alleging that the Estate had placed decedent's medical condition in controversy and waived the physician-patient privilege by its assertions in the amended complaint in the action entitled *Van Coevering v Kostrzewski*. The Estate commenced that action against, *inter alia,* National Life of Vermont, also known as National Life Insurance Company, in October 1994 seeking life insurance benefits. As an exhibit in a response to a summary judgment motion in that action, the Estate included unsealed medical and psychiatric records of decedent. Once plaintiffs in the instant action for malpractice learned of the disclosure of the medical and psychiatric records, they moved to renew their motion for disclosure. The court granted the motion to renew and, upon renewal, ordered disclosure of decedent's medical and psychiatric records. The court also *sua sponte* ordered disclosure of the Hospital's quality assurance and credentials files.

The Estate contends that plaintiffs failed to establish their entitlement to renewal. We disagree. Plaintiffs obtained evidence of which they had no knowledge when they made their original motion and they provided a valid excuse for failing to submit that evidence at the time of the original motion (*cf., Canandaigua Natl. Bank & Trust Co. v Lynch* [appeal No. 1], 265 AD2d 933).

We agree with plaintiffs that the Estate waived decedent's privilege by disclosing the medical and psychiatric records in the insurance action. Plaintiffs failed, however, as in their original motion, to meet their burden of establishing that decedent's physical or mental condition at the time of the alleged malpractice is "in controversy" (*Dillenbeck v Hess,* 73 NY2d 278, 287; *see, Scinta v Van Coevering,* 249 AD2d 889, *supra*). Thus, they are not entitled to disclosure of decedent's medical and psychiatric records.

We further conclude that the court erred in denying the cross motion of the Hospital seeking a protective order with respect to its quality assurance and credentials files and seeking to

prohibit questioning of its Chief of Obstetrics and Gynecology concerning those files. In addition, the court erred in *sua sponte* ordering disclosure of those files. As we previously held in *Scinta v Van Coevering* (249 AD2d 889, *supra; see also,* Education Law § 6527 [3]; Public Health Law §§ 2805-j, 2805-k, 2805-m), those files are not subject to disclosure. We further conclude that the Hospital is entitled to a protective order prohibiting questioning of its Chief of Obstetrics and Gynecology relating to those files (*see,* Public Health Law § 2805-m; Education Law § 6527 [3]; *cf., Mong v Children's Hosp. of Buffalo,* 259 AD2d 1038, 1039). We note that, in its brief, the Hospital withdrew its objection to eight questions.

Consequently, we modify the order by denying that part of plaintiffs' motion seeking disclosure of decedent's medical and psychiatric records, vacating that part that *sua sponte* ordered disclosure of the Hospital's quality assurance and credentials files, and granting the cross motion of the Hospital for a protective order. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Discovery.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.