MARTIN P. WOODAREK et al., Appellants, v BARRY MARON, M.D., et al., Respondents. (Appeal No. 1.) [759 NYS2d 418] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered April 3, 2002, which, inter alia, denied plaintiffs' cross motion seeking to compel the further deposition of defendant Barry Maron, M.D.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of plaintiffs' cross motion seeking to compel the further deposition of defendant Barry Maron, M.D. and directing defendant Barry Maron, M.D. to appear for further deposition and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, plaintiffs appeal from an order that, inter alia, denied that part of their cross motion seeking to compel the further deposition of Barry Maron, M.D. (defendant), an orthopedic surgeon, and to compel the deposition of defendant's medical secretary, who is also defendant's wife. We agree with plaintiffs that Supreme Court erred in denying that part of their cross motion seeking to compel the further deposition of defendant. Plaintiffs sought the further deposition after counsel for defendant directed him not to answer questions during his initial deposition regarding disciplinary actions against him by numerous state medical boards. Plaintiffs established, however, that defendant's psychiatric condition, i.e., bipolar disorder, was in controversy by establishing that, before defendant treated plaintiff Martin P. Woodarek, his psychiatric condition had been the subject of disciplinary actions and restrictions to his medical license in 10 states, including New York (*see generally Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]). Moreover, plaintiffs established that

defendant waived the physician-patient privilege with respect to questions related to those disciplinary actions by sharing information with the various state boards, indicating that he "did not expect the information to remain confidential" (*Scinta v Van Coevering*, 249 AD2d 889, 889 [1998]). We further conclude, however, that the court properly denied that part of plaintiffs' cross motion to compel the deposition of defendant's medical secretary. Plaintiffs did not establish that they availed themselves of any of the procedures set forth in CPLR article 31 for deposing a nonparty witness who resides outside of New York (*see* CPLR 3106 [b]; 3107, 3108; *see also Wiseman v American Motors Sales Corp.*, 103 AD2d 230, 236 [1984]). We therefore modify the order in appeal No. 1 by granting that part of plaintiffs' cross motion seeking to compel the further deposition of defendant and directing defendant to appear for further deposition.

In view of our determination with respect to appeal No. 1 that the court should have granted that part of plaintiffs' cross motion seeking to compel the further deposition of defendant, we dismiss as moot plaintiffs' appeal from the order in appeal No. 3 denying plaintiffs' motion to renew the cross motion with respect to defendant. Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.