■ Jesus Lopez, Respondent, v Juan S. Agustin et al., Defendants, and Isaac V. Gutierrez, Appellant. [891 NYS2d 654]—

The plaintiff, whose decedent was a passenger in a car that was struck by a car driven by the appellant, met his burden of establishing that the appellant's physical condition at the time of the accident was "in controversy," within the meaning of CPLR 3121 (a) (*see Dillenbeck v Hess*, 73 NY2d 278, 286-289 [1989]; *cf. Nappi v North Shore Univ. Hosp.*, 31 AD3d 509 [2006]). Thus, the burden shifted to the appellant to establish that the hospital records at issue were privileged and, thus, exempt from disclosure (*see* CPLR 3101 [b]; *Kivlehan v Waltner*, 36 AD3d 597, 599 [2007]; *Lombardi v Hall*, 5 AD3d 739, 740

[2004]; *Conlin v Birritella*, 244 AD2d 381, 382 [1997]; *Navedo v Nichols*, 233 AD2d 378, 379 [1996]). However, the appellant failed to meet his burden. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to compel the appellant to provide authorizations for the release of the subject hospital records. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.