# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**143**

**CA 12-01440**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

LINDA L. ROBINSON, INDIVIDUALLY AND AS SPECIAL
EDUCATION TEACHER, ORLEANS MEN'S CORRECTIONAL
FACILITY, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, ET AL., DEFENDANTS,
AND PATRICIA TOWNSEND, INDIVIDUALLY AND AS
ACADEMIC EDUCATION SUPERVISOR, ORLEANS MEN'S
CORRECTIONAL FACILITY, DEFENDANT-RESPONDENT.

---

EMMELYN LOGAN-BALDWIN, ROCHESTER, FOR PLAINTIFF-APPELLANT.

CHRISTINA A. AGOLA, PLLC, ROCHESTER (STEVEN E. LAPRADE OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 28, 2011. The order denied the motion of plaintiff to compel the production of the medical records of defendant Patricia Townsend.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia, that, during the course of her employment as a teacher at defendant Orleans Men's Correctional Facility, she was subjected to unlawful discrimination based upon sex, age and disability, and to retaliation for complaining about such discrimination. Patricia Townsend (defendant) was plaintiff's supervisor at the correctional facility. We conclude that Supreme Court properly denied plaintiff's motion seeking, inter alia, to compel production of defendant's medical records. Even assuming, arguendo, that defendant waived the physician-patient privilege with respect to those records by disclosing them in an action commenced by defendant in federal court (*see Scinta v Van Coevering*, 284 AD2d 1000, 1001), we conclude that plaintiff failed to meet her initial burden of making an evidentiary showing that defendant's medical condition is "in controversy" in this action (CPLR 3121 [a]; *see Dillenbeck v Hess*, 73 NY2d 278, 287-288; *Scinta*, 284 AD2d at 1001). The fact that defendant affirmatively placed her medical condition in controversy in the related action she commenced in federal court does not relieve plaintiff of her initial

burden herein.