JEFFREY A. WHITTINGTON, an Infant, by His Father and Natural Guardian, REUBEN WHITTINGTON, et al., Respondents, v RECTORS, WARDENS AND VESTRY OF THE CHURCH OF ADVENT, Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated March 2, 1976, as, upon plaintiffs' motion to compel discovery and inspection, directed them to produce, pursuant to plaintiffs' notice of discovery and inspection, two reports which they contend are privileged.

Order reversed insofar as appealed from, with $50 costs and disbursements, and motion denied insofar as it sought discovery and inspection of the reports in question. Plaintiffs sought, by notice of discovery and inspection, to obtain, *inter alia,* two reports from defendants which they had sent to their insurer. On the record presented here, it appears that such reports were materials prepared solely for litigation purposes and thus they cannot be obtained (see CPLR 3101, subd [d]; *Finegold v Lewis,* 22 AD2d 447; *Kandel v Tocher,* 22 AD2d 513; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:38, p 42). Plaintiffs contend that defendants' failure to move for a protective order within five days pursuant to CPLR 3122 constituted a waiver by them of their right to object to discovery. It is conceded that failure to move for a protective order within five days would not constitute a waiver of the right to object to discovery of materials which are not obtainable under CPLR 3101 (subds [b], [c]). Plaintiffs claim, however, that the same rule does not apply to material encompassed by CPLR 3101 (subd [d]), in that said provision confers a conditional immunity. Plaintiffs' contention lacks merit. The same rule should apply to matter immunized under CPLR 3101 (subd [d]) as applies to matter immunized under CPLR 3101 (subds [b], [c]) (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3122:2, pp 596–597). Failure to move for a protective order within the time limit set by CPLR 3122 does not affect a right to object to disclosure of items protected by CPLR 3101 (subd [d]) (see *Weisgold v Kiamesha Concord,* 51 Misc 2d 456; *Lauren v Gollin,* 54 Misc 2d 512). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.