■ HOLY SPIRIT ASSOCIATION FOR THE UNIFICATION OF WORLD CHRISTIANITY, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered September 7, 1983 in Ulster County, which conditionally granted defendant's motion for the imposition of sanctions for violation of a demand for discovery and inspection.

Plaintiff was the owner of a parcel of real property when, in November and December of 1980, separate fires caused substantial damage to buildings on the property. Defendant was the insurer on a fire insurance policy held by plaintiff. After plaintiff filed a claim pursuant to the policy, defendant disclaimed coverage on the ground of arson. Plaintiff then commenced this action seeking damages in the amount of $57,800. Defendant answered and raised several affirmative defenses.

Defendant then served a notice for discovery and inspection, dated April 13, 1982, demanding:

"Documentation setting forth plaintiff's financial status on November 28, 1980 and December 28, 1980, and for a period of one year prior thereto, including but not limited to balance sheets and/or accounting and/or profit and loss statements, or the equivalent thereof.

"The codes, original data, books and records in the possession of plaintiff or all documentation produced in the nature of printouts made by computer, as to the information in the next preceding paragraph."

Plaintiff complied with the demand in the first paragraph but refused to comply with the second. Plaintiff never moved for a protective order. In March of 1983, defendant moved to impose sanctions against plaintiff pursuant to CPLR 3126 for willfully refusing to answer the demand in the second paragraph. Special Term conditionally granted the motion and prohibited plaintiff from opposing the affirmative defense at issue unless it complied with the discovery demand within 30 days. Upon plaintiff's motion, Special Term granted reargument and adhered to its prior decision. This appeal by plaintiff is from the initial order which conditionally granted defendant's motion.

Defendant's demand for discovery and inspection was made pursuant to CPLR 3120 (a). If the party upon whom the notice is served objects to the demand, the remedy is to move for a protective order within 10 days of service of the notice (CPLR 3122). In the instant case, plaintiff took no action to make its objections to the notice until defendant moved for sanctions pursuant to CPLR 3126, almost one year after the notice to produce was served. The failure to timely move for a protective order has been held to constitute a waiver of objections to the discovery notice (*Coffey v Orbachs, Inc.,* 22 AD2d 317). Exceptions to this rule have been carved out where the material sought is claimed to fall within one of the exclusionary provisions of CPLR 3101, where the notice does not identify the material sought with sufficient particularity or where the notice is "palpably improper" (*Zambelis v Nicholas,* 92 AD2d 936; *Whittington v Rectors, Wardens & Vestry,* 54 AD2d 732; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3122:2, pp 596-597). Further, the trial court and this court have the discretion to excuse failure to comply with CPLR 3122 (*Matter of Handel v Handel,* 26 NY2d 853, 855).

Here, plaintiff did not contend before Special Term that the notice demanded material precluded by any of the provisions of CPLR 3101, nor was it alleged that the notice was palpably improper. The papers could be interpreted as claiming that the material sought was not identified with sufficient particularity. We agree with Special Term's rejection of this claim. Defendant is not in a position to know plaintiff's record-keeping system and, in the circumstances present here, the de-

scription of the material by type and function is sufficient *(see, Palmieri v Kilcourse,* 91 AD2d 657). Plaintiff's other objection is that the discovery demand is onerous and burdensome. This objection was waived by the failure to timely move for a protective order and the circumstances herein do not warrant excusing such failure as an exercise of discretion.

Order affirmed, with costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.