■ In the Matter of ANNIE JESSUP, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent State Commissioner, dated September 22, 1983 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application on behalf of her minor son for public and medical assistance in the category of Aid to Dependent Children.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

Petitioner's application on behalf of her minor son Corey for public assistance in the category of Aid to Dependent Children was denied by the local agency on the basis that petitioner

owned an automobile valued in excess of $1,500, the statutory resource limit (see, 42 USC § 602 [a] [7] [B]; 45 CFR 233.20 [a] [3] [i] [B]; 18 NYCRR 352.23 [b] [2]).

At a fair hearing conducted at petitioner's request to review the determination of the local agency, petitioner did not contest the agency's determination regarding the value of the car. In addition, evidence was adduced which indicated that (1) petitioner was the registered owner of the car as well as the holder of the certificate of title thereto, and (2) petitioner regularly drove the car and parked it in her building's parking lot. After the fair hearing, the respondent State Commissioner affirmed the local agency's determination on the ground that the car was an available resource which could be used for her minor child's support because "the holder of the Certificate of Title in New York State controls the sale or disposition of the automobile and is the owner thereof".

In determining the extent of the family's resources for the purpose of deciding eligibility for a grant of Aid to Dependent Children, only those resources which are "immediately or potentially available" to the applicant shall be considered (18 NYCRR 351.2 [e] [1]; Matter of Flynn v Bates, 67 AD2d 975).

Moreover, it has been consistently held that there is a rebuttable presumption that true ownership is in the registered owner of a vehicle or the one holding the documents of title (Young v Seckler, 74 AD2d 155; Fulater v Palmer's Granite Garage, 90 AD2d 685, appeal dismissed 58 NY2d 826). A review of the instant record indicates that petitioner failed to rebut this presumption. Accordingly, the respondent State Commissioner's determination was supported by substantial evidence and is confirmed. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.