■ JOHN D'ALESSIO, Appellant-Respondent, v NABISCO, INC., et al., Respondents-Appellants.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated December 19, 1984, as denied his motion to strike the defendants' answer or to compel discovery of certain items demanded in his notice and supplemental notice for discovery and inspection, and the defendants cross-appeal from so much of the same order as directed them to comply with certain of the plaintiff's discovery demands.

Ordered that the order is modified, by deleting the provisions thereof which granted those branches of the plaintiff's motion which were for discovery of the material demanded in items 12a, 14 and 18 of the plaintiff's notice for discovery and inspection, and items 4 (b), 4 (d), 4 (f), 7 (a), 7 (e), 7 (g), 7 (i), 8 (a) and 14 of the plaintiff's supplemental notice for discovery and inspection, and substituting therefor provisions denying those branches of the motion. As so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the defendants' time to comply with item 21 of the plaintiff's notice for discovery and inspection and items 7 (k) and 9 of the supplemental notice for discovery and inspection is hereby extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

We note that the defendants' failure to timely move for a protective order did not constitute a waiver of their right to subsequently object to certain discovery demands on the grounds that the items were privileged, or constituted attorney's work product, or material prepared for litigation (Soifer v Mount Sinai Hosp., 63 AD2d 713; Whittington v Rectors of Church of Advent, 54 AD2d 732).

Further, with respect to those items which sought discovery of information with respect to the defendant Nabisco's postaccident investigation, it is clear that any written report of an accident prepared in the regular course of business is properly discoverable (CPLR 3101 [g]; Vernet v Gilbert, 90 AD2d 846). Therefore, Special Term correctly directed the defendants to

respond to item 21 of the plaintiff's notice and items 7 (k) and 9 of the supplemental notice. However, discovery of reports of prior accidents is limited to those similar in nature to the accident in question *(see, Rauppius v City of New York,* 285 App Div 958). The plaintiff has failed to establish that he is entitled to reports of any prior accidents of the defendant Cupo, and Special Term erred in directing the defendants to comply with item 18 of the notice and item 14 of the supplemental notice.

We also find that the plaintiff is not entitled to discovery with respect to the defendant Cupo's mental or physical condition. Such discovery is permitted only when the mental or physical condition, *inter alia,* of a party has been placed in controversy (CPLR 3121 [a]). In this simple negligence action, where the defendants submitted a general denial and the depositions failed to reveal that Cupo suffered from any mental or physical disability at the time of the accident, Cupo's mental or physical condition has not been placed in controversy *(see, e.g., Koump v Smith,* 25 NY2d 287). Special Term erred in directing such discovery.

Finally, it was also error to order the defendants to furnish authorizations permitting the plaintiff to obtain the defendant Cupo's conviction record, inasmuch as the plaintiff failed to make this request at Cupo's deposition. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.