■ EDMUND J. CANNISTRA, an Infant, by His Parents and Natural Guardians, JOSEPH E. CANNISTRA et al., Respondents, v COUNTY OF PUTNAM et al., Defendants, and ROBERT S. GIBBONS et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants Robert S. Gibbons,

Donald Gibbons and Joan F. Gibbons appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated December 18, 1986, which granted the plaintiffs' motion to compel compliance with their demand for authorizations and denied the cross motion by the appellants to dismiss the first cause of action as against Donald Gibbons.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted the plaintiffs' motion to compel compliance with their demand for authorizations with the exception of the driver's education and ophthalmological records which the appellants' counsel authorized released, and substituting therefor a provision denying the plaintiffs' motion to compel compliance with their demand for authorizations with the exception of the driver's education and ophthalmological records which the appellants' counsel authorized released, and (2) deleting the provision thereof which denied the cross motion to dismiss the first cause of action as against the defendant Donald Gibbons, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the appellants; the appellants' time to provide authorizations with respect to Robert S. Gibbons's driver's education and ophthalmological records is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The infant plaintiff sustained severe and permanent personal injuries on July 24, 1984, when the automobile in which he was a passenger collided with a dump truck which was parked in such manner as to be partially obstructing a portion of the roadway along Peekskill Hollow Road in the Town of Putnam Valley. The subject vehicle was being operated by the defendant Robert S. Gibbons, and was registered in the name of his mother, Joan F. Gibbons.

Discovery with respect to a party's mental or physical condition is permitted only when that party's mental or physical condition has been placed in controversy (CPLR 3121 [a]). Such a situation may arise where a defendant affirmatively asserts the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff (Koump v Smith, 25 NY2d 287, 294).

In the instant case, Robert's mental and physical condition was not placed in controversy by the plaintiffs' unsupported allegations that he was intellectually or psychologically incapable of operating a motor vehicle, given the appellants' general denial and the fact that the depositions failed to

reveal that Robert suffered from any mental or physical disability at the time of the accident *(see, Koump v Smith, supra; D'Alessio v Nabisco, Inc.,* 123 AD2d 816, 817; *Gaglia v Wells,* 112 AD2d 138, 139).

In any event, the demand for authorizations pertaining to all of Robert's educational and medical records was overbroad and patently improper *(see, Ielovich v Taylor Mach. Works,* 128 AD2d 676; *Zimmerman v New York City Tr. Auth.,* 115 AD2d 738). Counsel for the appellants nevertheless offered to authorize the release of Robert's driver's education and ophthalmological records as reasonably pertinent to the underlying action. The plaintiffs' demand for authorizations should have been granted only to this limited extent.

It was also error for the Supreme Court to have denied the cross motion to dismiss the negligence cause of action against the defendant Donald Gibbons given the plaintiffs' failure to have rebutted the presumption that true ownership is in the registered owner of a vehicle or the one holding the documents of title *(see, Matter of Jessup v D'Elia,* 116 AD2d 578, 579, *affd* 69 NY2d 1030). Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.