■ GANELL GANDY, Respondent, v ERNESTINE LARKINS, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 4, 1988, which granted the plaintiff's motion to direct the defendant to supply authorizations with respect to her admission to Brookdale Hospital on August 8, 1985, and her employment medical records from 1980 to 1985.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff allegedly sustained serious and permanent injuries on August 8, 1985, when she, a pedestrian, was struck by a vehicle owned and operated by the defendant.

Discovery with respect to a party's mental or physical condition may be obtained where that party's mental or physical condition has been placed in controversy (CPLR 3121 [a]). "Such a situation may arise where a defendant affirmatively asserts the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff (Koump v Smith, 25 NY2d 287, 294)" (Cannistra v County of Putnam, 139 AD2d 479, 480). Even where there has been a showing that a party's physical condition is in controversy, discovery may still be precluded where the information requested is privileged and there is no evidence of a waiver of privilege (see, Dillenbeck v Hess, 73 NY2d 278, 287).

Where, as here, neither the pleadings nor the defendant's deposition reveal that the defendant suffered from a physical or mental disability at the time of the accident, her condition has not been placed in controversy (see, D'Alessio v Nabisco,

*Inc.,* 123 AD2d 816, 817). Nor has the defendant's physical condition been placed in controversy by the plaintiff's unsupported allegations that she was intoxicated at the time of the accident *(see, Gaglia v Wells,* 112 AD2d 138). Moreover, the record contains no indication that the defendant has waived the physician-patient privilege which attaches to medical records by asserting her medical condition, either by way of counterclaim or an attempt to excuse the conduct complained of by the plaintiff *(see, Dillenbeck v Hess, supra).* Nor did the defendant's failure to timely move for a protective order constitute a waiver of the right to subsequently object to the discovery demands on the grounds of privilege *(see, D'Alessio v Nabisco, Inc., supra; Whittington v Rectors, Wardens & Vestry of Church of Advent,* 54 AD2d 732, 733). Furthermore, the employment medical records demanded were beyond the scope of CPLR 3121 (a).

Under the particular circumstances of this case, the defendant's response to questions posed by the plaintiff during the course of a deposition did not constitute a voluntary disclosure of privileged information to support a finding of waiver *(cf., Riccardi v Tampax, Inc.,* 113 AD2d 880; *Herbst v Bruhn,* 106 AD2d 546), and the plaintiff's demand for authorizations should have been denied. Kunzeman, J. P., Eiber, Sullivan and Miller, JJ., concur.