■ ANDREW C. KLEIN et al., Respondents, v HOWARD A. LEVIN, Appellant, et al., Defendants. [662 NYS2d 793] —In an action to recover damages for medical malpractice, the defendant Howard A. Levin appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Di-Blasi, J.), entered January 28, 1997, as granted that branch of the plaintiffs' motion which was to compel him to produce authorizations for the release of those records and office and personal diaries which disclose the dates on which he received medical treatment, including consultations, in the six-month period prior to the date of the alleged malpractice and within 60 days thereafter.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs brought this medical malpractice action against multiple defendants, including the appellant. Essentially, they alleged that in performing arthroscopic surgery on the injured plaintiff's shoulder, the appellant had worsened his condition, caused his shoulder to become infected, and caused injuries necessitating further surgery.

In their verified bill of particulars, the plaintiffs alleged that at the time of the operation, the appellant "was suffering from a physical disability or illness which limited and reduced his ability to perform surgery". Eventually, they served a notice for discovery and inspection demanding, among other things, medical authorizations from the appellant "limited to the production of records disclosing the dates on which [the appellant] received medical treatment, including any consultations" in the six months prior to and the 60 days following the injured plaintiff's surgery. When the appellant rejected this demand as violative of the physician-patient privilege (*see,* CPLR 4504), the plaintiffs moved, *inter alia,* to compel the appellant to provide the requested discovery. Again, the appellant opposed the motion on the grounds that the information was privileged and that his physical condition was not in controversy. The

Supreme Court granted the plaintiffs' motion in part. In its order, the Supreme Court authorized the appellant to redact all information other than "the dates on which he received medical treatment", and noted that "the information demanded by [the] plaintiff is limited to the fact of what dates, if any, [the appellant] received medical treatment".

In order to establish their right to obtain this data, the plaintiffs had to demonstrate that the appellant's physical condition was "in controversy" (*Dillenbeck v Hess,* 73 NY2d 278, 286-287; *see, Koump v Smith,* 25 NY2d 287; *Robinson v Meca,* 214 AD2d 246, 249). Supreme Court correctly concluded that the plaintiffs sufficiently showed that the appellant's physical condition was in controversy in the present case. Contrary to the appellant's assertions, the plaintiffs did not attempt to place his physical condition in controversy through "unsupported allegations" (*cf., Gandy v Larkins,* 165 AD2d 862, 863; *Cannistra v County of Putnam,* 139 AD2d 479, 480), but rather through an evidentiary showing that the appellant had made certain admissions to the injured plaintiff regarding his own medical condition.

Thus, the burden shifted to the appellant to show that the information sought was subject to the physician-patient privilege (*see,* CPLR 4504 [a]; *Dillenbeck v Hess, supra*). The Supreme Court properly concluded that the information sought was not privileged. It is well settled that the privilege does not protect "the mere facts and incidents of a person's medical history" (*Williams v Roosevelt Hosp.,* 66 NY2d 391, 396; *see, Wepy v Shen,* 175 AD2d 124; *Matter of Farrow v Allen,* 194 AD2d 40, 43), which is what the plaintiffs sought.

The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.