■ JOHN DOE et al., Appellants, v JAMES M. INMAN CONSTRUCTION CORP., Defendant and Third-Party Plaintiff, et al., Defendants. CATHEDRAL MARBLE AND GRANITE COMPANY, Third-Party Defendant-Respondent. HARTFORD INSURANCE COMPANY, Nonparty Respondent. [721 NYS2d 383] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered August 27, 1999, which granted that branch of the motion of the third-party defendant Cathedral Marble and Granite Company which was to compel the plaintiff John Doe to provide authorizations to obtain certain medical records, and denied their cross motion, *inter alia*, for a protective order, in effect, pursuant to 42 USC § 290dd-2 precluding discovery of certain medical records.

Ordered that the appeal from so much of the order as directs an in camera review of the plaintiff John Doe's pre- and post-accident methadone treatment and drug rehabilitation records is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

On March 3, 1997, the plaintiff John Doe (hereinafter the plaintiff) fell approximately 40 feet from a roof he was installing while working as a roofer for his employer, the third-party defendant Cathedral Marble and Granite Company (hereinafter Cathedral). Following the accident, the plaintiff was treated immediately at Westchester County Medical Center (hereinafter the Medical Center). The Medical Center's "discharge summary" identified the plaintiff as an "IV drug abuser on [m]ethadone." Two months later, the plaintiff was transferred to Gaylord Hospital for rehabilitation. The records of that hospital also reference the plaintiff's history of substance abuse and indicate that he was taking methadone.

The Supreme Court determined that even though the plaintiff's post-accident medical records from the Medical Center and Gaylord Hospital refer to his history of intravenous drug use, the records of those facilities do not fall within the Federal confidentiality mandate of 42 USC § 290dd-2 (a)

(formerly codified under 42 USC § 290ee-3 [a]). That statute, entitled "confidentiality of [patient] records," provides that records maintained in connection with the treatment of substance abuse are confidential and may be disclosed only upon written consent of the patient, to medical or research personnel, or upon court order for good cause shown. Since the only treatment which the plaintiff received at the subject facilities related to the injuries he sustained in the accident, the Supreme Court's determination was correct.

Further, since the plaintiff placed his mental and physical condition in controversy, the records of the Medical Center and Gaylord Hospital, which materially bear on the issues of liability and damages, are subject to discovery (see, CPLR 3121 [a]; Koump v Smith, 25 NY2d 287, 294; Cannistra v County of Putnam, 139 AD2d 479, 480). Accordingly, the Supreme Court properly directed the plaintiff to submit authorizations for the release of the records of those medical facilities.

The appellants make a similar claim with respect to the plaintiff's pre- and post-accident drug treatment records that Cathedral sought from other facilities. However, since the Supreme Court did not render a decision with respect to those records and merely directed an in camera inspection thereof, the appeal from that portion of the order must be dismissed (see, Katz v Katz, 68 AD2d 536).

The appellants' remaining contentions are without merit. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.