■ FREDDY AYCADI, Respondent, v IRVING BARON et al., Appellants. [756 NYS2d 39] —Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about September 19, 2002, which granted plaintiff's motion to compel an authorization for defendant Irving Baron's pharmaceutical records for any medications he was taking at the time of the accident giving rise to this personal injury action, as ordered by same court and Justice, dated May 29, 2002, unanimously reversed, on the law, without costs, and the motion denied.

The court erred in granting the motion, in that it ignored the mandate of CPLR 3121 (a), which requires that in order for a party to obtain discovery of records relating to another party's physical or mental condition, the moving party, plaintiff here, must first demonstrate that the other party has affirmatively placed his or her physical or mental condition in controversy

(*Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Koump v Smith*, 25 NY2d 287, 294 [1969]). Defendant's denial of the allegations in the complaint did not constitute waiver of his physician-patient privilege (*Dillenbeck*, 73 NY2d at 287-288; *Koump*, 25 NY2d at 294). Concur—Mazzarelli, J.P., Saxe, Sullivan and Williams, JJ.