■ MARILYN MICHALOWSKI, Respondent, v JOHN D'ALESSANDRO et al., Appellants. [767 NYS2d 898]—

In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Carter, J.), dated January 13, 2003, which, in effect, granted the plaintiff's motion to direct the defendant John D'Alessandro to provide the dates of his own medical treatment, the names and specialties of his treating doctors, the name and symptoms of his condition, and copies of his applications for disability benefits.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Discovery with respect to a party's mental or physical condition is permitted only when that party's mental or physical condition has been placed in controversy (*see* CPLR 3121). Such a situation may arise where a defendant affirmatively asserts the condition either by way of a counterclaim or to excuse the conduct complained of by the plaintiff (*see Koump v Smith*, 25 NY2d 287, 294 [1969]; *Cannistra v County of Putnam*, 139 AD2d 479 [1988]). In this case, the mental and physical condition of the defendant John D'Alessandro was not placed in controversy by his acknowledgment at his examination before trial that, approximately 10 months after he last treated the plaintiff, he retired from his practice for medical reasons (*see Cannistra v County of Putnam, supra*). Nor, given the remoteness in time, were his mental and physical conditions placed into controversy by the manner in which he responded to questions at his examination before trial, which took place more than $2^1/_2$ years after he last treated the plaintiff. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.