OPINION OF THE COURT
Eileen Bransten, J.
Plaintiff Geraldine Brower moves for an order compelling de *1109 fendant George J. Beraka, M.D. to “provide authorizations for the release of medical records, appropriately redacted to exclude confidential communications, for the period commencing November 20, 2000 and terminating on December 31, 2000, and relating to medical or surgical treatment for a condition or conditions relating to his upper extremities.” (Order to show cause at 1.)
Background
On November 20, 2000, Dr. Beraka performed a facelift on plaintiff Geraldine Brower. (Affidavit in support of motion [support affidavit] 1i 2.) After her surgery, upon her return home, Ms. Brower experienced “difficulty swallowing . . . and speaking.” (Id. 1i 3.) She and her private nurse allegedly called Dr. Beraka’s office a number of times but were told that Dr. Beraka “would be out of the office for a period of time because he was hospitalized for surgery on his arm or hand.” (Support affidavit H3.)
In 2003, Ms. Brower commenced this medical malpractice action alleging that the facelift was “performed in a negligent fashion” and that Dr. Beraka did not properly obtain informed consent. (Affirmation in support of motion, exhibit A, 1Í1I 6, 8.) Specifically, Ms. Brower asserts in her verified bill of particulars that Dr. Beraka’s disclosure to her “was inadequate” in that “upon information and belief’ he did not disclose “a physical limitation from which [he] was suffering and which would impact on his ability to perform the surgical procedure.” (Id. IF 8 [c].)
Ms. Brower now seeks to compel Dr. Beraka to produce “appropriately redacted” medical records for treatment related to his upper extremities rendered between November 20, 2000 (the date of her facelift) and December 31, 2000. She argues that “it would seem obvious that difficulty with the hand or arm of a surgeon may well have an impact on the ability ... to perform surgery” (support affidavit K 6), that she was unaware of “any . . . physical limitation on the part of Dr. Beraka before surgery” and that she should have been made aware of his condition “before undergoing such a delicate procedure.” (Id. 115.)
Ms. Brower argues that the “mere facts and incidents of a person’s medical history are not privileged,” and therefore, she is entitled to information regarding “the nature of the procedure and the date on which it was performed.” (See, plaintiffs *1110 mem of law at 2-3.) Ms. Brower makes clear that “no communications are sought” in this motion to compel. {Id. at 3.)
Ms. Brower also requests that this court grant “such other and further relief [that] may seem appropriate under the circumstances.” (Support affidavit 112.)
In opposition, Dr. Beraka urges that the information sought is protected by the physician-patient privilege and that there has been no waiver of the privilege here. (Affirmation in opposition 115.)
Analysis
“[I]n order for a party to obtain discovery of records relating to another party’s physical or mental condition, the moving party, plaintiff here, must first demonstrate that the other party has affirmatively placed his or her physical or mental condition in controversy.” (Aycadi v Baron, 302 AD2d 313, 313 [1st Dept 2003] [personal injury plaintiff not entitled to authorization for defendant’s pharmaceutical records that would disclose any medications that he was taking at the time of the accident].) Otherwise, the records are exempt from disclosure pursuant to the physician-patient privilege. (Id.; see also, Dillenbeck v Hess, 73 NY2d 278, 287 [1989].)
Significantly, the physician-patient privilege is not waived based on allegations in plaintiffs complaint or bill of particulars demonstrating that a defendant’s physical condition is in controversy. (See, Dillenbeck v Hess, 73 NY2d at 289.) Nor does denial of allegations in the complaint constitute a waiver by the defendant of the physician-patient privilege. (Aycadi v Baron, 302 AD2d at 314.) Indeed, it is well settled that:
“a party does not waive the privilege whenever forced to defend an action in which his or her mental or physical condition is in controversy. In order to effect a waiver, the party must do more than simply deny the allegations in the complaint — he or she must affirmatively assert the condition ‘either by way of counterclaim or to excuse the conduct complained of by the plaintiff.’ ” (Dillenbeck v Hess, 73 NY2d at 287-288, quoting Koump v Smith, 25 NY2d 287, 294 [1969]; see also Maurice v Mahon, 239 AD2d 188, 188 [1st Dept 1997] [defendant driver’s deposition testimony that she ingested prescription medication just before she was served alcohol constituted “an affirmative assertion of her *1111 medical condition . . . and a waiver of any doctor-patient privilege concerning the medical and prescription records sought”].)
There is absolutely no indication that Dr. Beraka’s defense is based on any arm impairment. He is not attempting “to excuse the conduct complained of by the plaintiff’ on the basis of any physical condition. Nor did he at any time voluntarily disclose that he suffered from any arm condition during the relevant time. (Klein v Levin, 242 AD2d 682, 683 [2d Dept 1997] [affirming order requiring defendant to supply medical records with “all information other than ‘the dates on which he received medical treatment’ ” redacted under circumstances where defendant “made certain admissions to the injured plaintiff regarding his own medical condition”].) Thus, Dr. Beraka’s medical records are not discoverable and an authorization will not be compelled.
Although the scope of the physician-patient privilege is not strictly confined to “communications” between a doctor and patient, but rather includes “any medical information acquired by the physician through the application of professional skill or knowledge” (including information contained in a patient’s medical records) (see, Dillenbeck v Hess, 73 NY2d at 284 n 4), the privilege does not extend to “ ‘the mere facts and incidents of a person’s medical history.’ ” (Neferis v DeStefano, 265 AD2d 464, 465 [1st Dept 1999], quoting Williams v Roosevelt Hosp., 66 NY2d 391, 396 [1985]; see also, Matter of Farrow v Allen, 194 AD2d 40, 43 [1st Dept 1993]; Klein v Levin, 242 AD2d at 683 [dates of medical treatment not privileged].) Therefore, an individual cannot “refuse to answer questions regarding matters of fact” concerning whether one suffered from physical problems or was under the treatment of a physician during a certain period of time. (Williams v Roosevelt Hosp., 66 NY2d at 397; see also, Neferis v DeStefano, 265 AD2d at 465 [name of defendant’s treating psychiatrist not privileged; however, “plaintiffs request for the name of the specific nerve condition from which (defendant) suffers is privileged”].)
That facts and incidents of a person’s medical history are discoverable but specifics, such as the name of the condition one suffers from, are not presents a dilemma for a defendant. If a defendant testifies to the “facts and incidents” of a medical condition, then that defendant may well subsequently be deemed to have waived the physician-patient privilege. (See, Neferis v DeStefano, 265 AD2d at 465-466 [“By stating that she *1112 takes . . . medication for ‘nerves,’ (defendant) waived the physician-patient privilege with respect to the specific name of the condition from which she suffers”]; Maurice v Mahon, 239 AD2d at 188 [deposition testimony regarding ingestion of medication waived privilege].)
To avoid a waiver of Dr. Beraka’s privilege and ensure that plaintiff can obtain information to which she is entitled, this court will compel Dr. Beraka, at a deposition to be conducted within 30 days,* to answer questions related to the facts and incidents of his medical history. Specifically, Dr. Beraka must disclose whether he suffered from any arm impairment and whether he was under the treatment of a physician for a condition related to upper extremities between November 20, 2000— the date of her facelift — and December 31, 2000.
Dr. Beraka’s compelled testimony cannot be deemed voluntary and, assuming that Dr. Beraka limits his answers to “the facts and incidents of his medical history” and that he in no other way injects his physical condition into the lawsuit, there will be no waiver of the physician-patient privilege as to his medical records based on his answers to plaintiff’s counsel’s questions. (See, Iseman v Delmar Med.-Dental Bldg., 113 AD2d 276, 279 [3d Dept 1985] [waiver occurs when a “party voluntarily and affirmatively inserts the issue of a physical or mental defect or condition into the litigation in trial testimony, pretrial testimony or written matter”].)
Finally, on this scant record, there is no occasion to address whether Dr. Beraka waived the physician-patient privilege and to what extent by allegedly informing his office staff of his medical condition and any treatment he may have received. (See, Matter of Farrow v Allen, 194 AD2d 40, 44 [1st Dept 1993] [“once a patient puts the information into the hands of a third party who is completely unconnected to his or her (medical) treatment and who is not subject to any privilege, it can no longer be considered a confidence and the privilege must be deemed to have been waived as to that information”].) Ms. Brower, of course, is entitled to depose the *1113 person in Dr. Beraka’s office who purportedly informed her that Dr. Beraka “was hospitalized for surgery on his arm or hand.” (Support affidavit 11 3.)
Accordingly, it is ordered that plaintiffs motion to compel production of defendant’s redacted medical records is denied; however, it is ordered that within 30 days of the date of this decision and order, Dr. Beraka must appear for a limited deposition and answer questions about the facts and incidents of his medical history.

 At oral argument, counsel informed the court that at his deposition Dr. Beraka was asked questions about his arm condition but was directed by his attorney not to answer. In furtherance of this court’s responsibility for supervision of disclosure, plaintiffs request for further relief appropriate under the circumstances is granted (see, support affidavit 112) and a further limited deposition must be conducted so that nonprivileged potentially relevant information is fully disclosed.