Earnest v Town of Queensbury (2024 NY Slip Op 51683(U))

[*1]

Earnest v Town of Queensbury

2024 NY Slip Op 51683(U)

Decided on December 11, 2024

Supreme Court, Warren County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2024
Supreme Court, Warren County

Jasmine Earnest, Plaintiff,

against
Town of Queensbury, County of Warren, Stilsing Electric, Incorporated 
 and Joanne Levack, Defendants. 

TOWN OF QUEENSBURY, Third-Party Plaintiff,
against
TRAFFIC SIGNAL TECHNOLOGY, LLC and CHARLES PERROTTA, Third-Party Defendants.
Index No. EF2023-71036

Conway, Donovan & Manley, PLLC, Albany (Michael C. Conway, of counsel) for plaintiff.
Bailey Johnson & Peck, P.C., Albany (Ryan P. Bailey, of counsel) for defendant/third-party plaintiff Town of Queensbury.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Stuart P. Besen, of counsel) for defendant County of Warren.
Coffey Modica, LLP, Tarrytown (Michael P. Mezzacappa, of counsel) co-counsel for defendant County of Warren.
Smith, Sovik Kendrick & Sugnet, P.C., Syracuse (Kristen M. Benson, of counsel) for defendant Stilsing Electric, Incorporated.
Kelly & Leonard, LLP, Ballston Spa (Thomas E. Kelly, of counsel) for defendant Joanne Levack.
Smith, Dominelli & Guetti, LLC, Albany (Jennifer L. Dominelli, of counsel) for third-party defendant Traffic Signal Technology, LLC.

Robert J. Muller, J.

This decision and order consolidates several pending motions and cross-motions related to discovery including; (1) a motion by defendant/third-party plaintiff Town of Queensbury ("Queensbury") for an order compelling defendant Joanne Levack ("Levack") to provide complete responses to Queensbury's March 29, 2024 Notice to Produce, demanding authorizations permitting Queensbury to obtain Levack's prescription medication records and medical records wherein medication was prescribed prior to April 12, 2022 (Motion Seq No.2- NYSCEF Doc. Nos. 154 through 160, 222 through 226, 233); (2) motion by Queensbury to compel plaintiff to produce the cell phone she possessed on April 12, 2022, or if not available a Court-Ordered subpoena for the cell phone records, plaintiff's Air Pod earbuds and Apple Watch as well as documents related to plaintiff's trade-in of her cell phone (Motion Seq. #3 — NYSCEF Doc. Nos. 164 through 168); (3) defendant County of Warren's cross-motion (Motion Seq. #4 — NYSCEF Doc. Nos. 182 through 184, 234) which seeks the same relief as that of Queensbury in Motion Seq. #2; (4) defendant County of Warren's cross-motion (Motion Seq. #5- NYSCEF Doc. Nos. 177 through 180, 209) which seeks the same relief as that of Queensbury in Motion Seq. #3; and (5) plaintiff's cross-motion for a protective order precluding any defendant from copying or inspecting data from her cell phone, Apple Watch, Air Pod earbuds, or performing any forensic evaluation of those devices (Mot. Seq. #6 — NYSCEF Doc. Nos. 186 through 208). 
This matter arises out of a motorcycle and motor vehicle accident that occurred on April 12, 2022 at the intersection of Quaker Road and Lafayette Street in the Town of Queensbury. Levack was the operator of a car which collided with plaintiff's motorcycle at this intersection. In addition to alleging negligence against Levack the plaintiff has also asserted negligence claims against the Town of Queensbury, the County of Warren, and Stilsing Electric, Inc. These allegations generally pertain to the maintenance of a traffic control system in this intersection. Queensbury has also commenced a third-party action against Traffic Signal Technology, LLC and Charles Perrotta alleging third-party defendants were negligent in failing to maintain this same set of traffic control devices.

In the course of discovery it has been learned that Levack completed and passed field sobriety testing at the scene of the accident after having admitted to drinking a glass of wine prior to operating her motor vehicle. It was also learned that Levack was asked by law enforcement to submit to testing by a drug recognition expert (DRE) which she declined. Depositions have also revealed that police investigators at the scene administered a preliminary breath test which indicated Levack had a blood alcohol content (BAC) of .02 percent - a result which is significantly below the level for driving while ability impaired by alcohol under Vehicle and Traffic Law §1192(1) and exercised the discretion not to undertake any further investigations relating to intoxication or impairment. 
Additionally, three law enforcement personnel responding to the accident scene have testified. Each have affirmatively indicated they found no evidence to suggest that Levack was operating her vehicle while impaired by alcohol or drugs. Furthermore, the Court's study of the submitted police accident investigation confirms the absence of any findings of vehicle operation while impaired by the consumption of alcohol or drugs.
Finally, during her deposition Levack testified follows:
Q. As of April 12th, 2022, the date of this accident, were you taking any medication?
A. Yes.
Q. What would you take on a daily basis back then?
A. Lothorin [phonetic], metoprolol, and lothocsin [phonetic].
Q. What are those medications for?
A. Blood pressure.
Q. Yeah. Anything else?
A. And fibrillation.
Q. Heart?
A. Heart.
Q. Okay. Did you take those medications that day?
A. Yes.
(NYSCEF Doc. Nos. 156, 223)
Queensbury and Warren County seek Levack's prescription medication records and other medical records wherein providers prescribed any prescription medication in a period prior to April 12, 2022. Movants argue that failing to object to this line of questioning amounted to a waiver of the physician-patient privilege. Movants further argue that by permitting Levack to answer questions concerning her prescription medication history she cannot not now assert a privilege since, such as it is, this topic has become "ripe for investigation given that such medications may impact her ability to operate a vehicle, together with consumption of alcohol." (emphasis added) There is nothing in the record to support the assertion that "such medications may impact her ability to operate a vehicle, together with consumption of alcohol."
Queensbury and Warren County also seek production and inspection of plaintiff's cell phone which was allegedly affixed to a cell phone mount on the steering column at the time of the accident and, further, to obtain plaintiff's cell phone records from her carrier together with production and inspection of her Air Pod earbuds and her Apple Watch — all of which were apparently given to plaintiff's counsel a few days following the accident. The plaintiff has testified that neither her motorcycle nor the helmet she was wearing had any Bluetooth or hands-free capability to enable their use and, in her deposition, she was never asked if she was using any of these devices for any purpose immediately prior to the accident. 
Movants urge that any one of the devices for which they seek discovery "was used on April 12, 2022, at or near the time of the . . . accident". The accident investigation indicates that while "cell phone usage was not believed to have been a factor . . . Levack was in a hands-free Bluetooth call at the time." Levack's cell phone, however, is not the one being sought and the investigation notes make no mention of cell phone use by the plaintiff.
Prior to these motions plaintiff, in March of 2023, provided Queensbury with an authorization permitting it to obtain copies of plaintiff's Verizon records for her cell phone. The record on these motions does not disclose what, if any, relevant information was provided. Further, and to the contrary, defense counsel has on the face of the motion papers made no attempt to obtain these records and has not acted -until now - upon this Court's invitation extant since August 1, 2024 to submit a proposed judicial subpoena to obtain them. Nevertheless, plaintiff does not object to Queensbury's or Warren County's request for a Court-Ordered subpoena to obtain her cell phone records from Verizon. (NYSCEF Doc. No. 190 ¶2)
On September 22, 2022 this case was commenced. On April 7, 2023 the plaintiff was deposed and was not questioned concerning her use of any of the three items of discovery at the time of the accident which are now sought to be produced for forensic examination. The minutes of a court conference on August 1, 2024 established that plaintiff no longer possesses the cell phone that was on the motorcycle on the day of the accident. Queensbury's and the County of Warren's current demand is accordingly also for "any records/documentation which indicate when [p]laintiff traded in her cell phone for an upgraded model, why [p]laintiff was permitted to, or if it was necessary to trade in her cell phone for an upgraded model, and what payment method was used to effectuate this trade." 
Now considered by the Court are Levack's and plaintiff's request for protective orders pursuant to CPLR §3103 precluding release of Levack's medical and prescription records and precluding any defendant from copying or inspecting data from plaintiff's cell phone, Apple Watch and Air Pods or performing forensic evaluations on those devices. These motions are addressed below ad seriatim.
Defendant Levack's Prescription and Medical Records
There is a strong presumption in favor of discovery and that "full disclosure of all evidence material and necessary in the prosecution or defense of an action" is ordinarily mandated by CPLR §3101. Consequently, where the mental or physical condition of a party is in controversy, a notice may be served pursuant to CPLR §3121(a) which provides that, where the physical or mental condition of a party "is in controversy," any other party may serve a notice requiring written authorizations to obtain medical records relating to the relevant condition.
The initial burden of proving that a party's physical condition is "in controversy" is on the party seeking the information and it is only after such an evidentiary showing that discovery may proceed under the statute (Koump v Smith, 25 NY2d 287,300 [1969]; Dillenbeck v Hess, 73 NY2d 278, 286-287 [1989]). Once this preliminary burden is satisfied, however, discovery still may be precluded if the requested information is privileged and thus exempt from disclosure (CPLR §3101[b]; id. at 287). Under CPLR §4504(a), unless the patient waives the physician-patient privilege, a medical professional must not disclose any information acquired in attending a patient in a professional capacity that was needed to enable such professional to act in that capacity.
While the Court finds it may have been permissible to inquire into the use of prescription medications it is not so inclined to agree that defendant Levack's answers have now exposed her to a requirement that she must permit the disclosure of information which her medical providers acquired in attending to her medical needs.
To the extent that the request can be limited to disclosure of pharmacy prescription records this is not subject to the physician-patient privilege. Seeking the location where prescription medications were filled as of April 12, 2022 is also not subject to the physician-patient privilege and is proper. (Neferis v DeStefano, 265 AD2d 464 [2d Dept 1999]) Whether any of this could lead to evidence that is admissible is not yet before the Court.
Because movants go further and seek a physician's medical records, they are required to demonstrate that Levack's physical or mental condition is in controversy (see, Dillenbeck, 73 NY2d at 287; Koump, 25 NY2d 287; Klein v Levin, 242 AD2d 682 [2d Dept 1997]; Navedo v Nichols, 233 AD2d 378 [2d Dept 1996]). This, they have failed to do. The testimony submitted on this motion, rather than establishing that Levack's physical condition "is in controversy" leads [*2]to the opposite inference — particularly with three law enforcement observers who in their testimony, as already noted, found no evidence to suggest Levack was operating her vehicle while under the influence of alcohol or drugs. Something more is required to strip away the physician-patient privilege than this.
Plaintiff's Cell Phone and Related Devices
With respect to the necessity for inspection of the Air Pod earbuds and Apple Watch there is no evidence that plaintiff was using either for the purposes of communication at the time of the accident. Accordingly, and upon review of the records before the Court discovery and inspection of the cell phone and its related devices is not reasonable at this juncture. Relatedly, the significance of the unavailability of the plaintiff's cell phone and the utility of forensic examinations of the Air Pod earbuds and Apple Watch must await further developments within the discovery which is hereinafter authorized. Simultaneous with this decision, without objection, the Court has ordered the disclosure by judicial subpoena of plaintiff's cell phone records from Verizon.
Queensbury has also demanded "when...where why and what payment method was used to effectuate this trade [of plaintiff's cell phone]. . . ." The Court defers addressing this aspect of discovery pending the return on the Verizon subpoena. 
Therefore, upon consolidation of motions and cross-motions, sequence numbers 2, 3, 4, 5 and 6, and based upon the foregoing the Court-Ordered subpoena to Verizon is signed simultaneous with this decision, and it is further
ORDERED, that defendant Levack's motion for a protective order with respect to access to the medical records of her healthcare providers, is granted, and it is further 
ORDERED, that defendant Levack's motion for a protective order prohibiting disclosure of her non-healthcare provider prescription records is denied and defendant Levack is directed to provide movants with written authorizations within thirty (30) days from entry of this order, and it is further
ORDERED, that plaintiff's motion for a protective order with respect to discovery and inspection of her cell phone, Air Pod earbuds, and Apple Watch is granted pending further applications of the defendants upon return of the Court-ordered Verizon subpoena dated December 11, 2024, and it is further
ORDERED, any relief not specifically addressed herein has nonetheless been considered and is expressly denied.
The above constitutes the Decision and Order of this Court.
The original of this Decision and Order has been filed by the Court. Counsel for plaintiff is directed to serve all parties with notice of entry. 
December 11, 2024
Lake George, New York
HON. ROBERT J. MULLER
Supreme Court Justice