■ JOSE NAVEDO, Respondent, v DERICK NICHOLS et al., Defendants, and HECTOR CAMACHO, Appellant. [650 NYS2d 15] —In a negligence action to recover damages for personal injuries, the defendant Hector Camacho appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated January 30, 1996, which granted the plaintiff's motion pursuant to CPLR 3124 to compel disclosure to the extent of directing an in camera review of the appellant's hospital records "for the limited review of blood alcohol content".

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from the order dated January 30, 1996, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the branch of the motion which was to compel disclosure of the appellant's hospital records is denied, the branch of the appellant's cross motion which was for a protective order against discovery of his hospital records is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the remaining branches of the motion and cross motion.

No appeal lies as of right from an order directing an in camera inspection of materials claimed to be privileged in aid of determining a motion to compel discovery (see, CPLR 5701 [a] [2] [v]; Garcia v Montefiore Med. Ctr., 209 AD2d 208).

A party seeking to inspect a defendant's hospital or medical records must first demonstrate that the defendant's physical or mental condition is "in controversy" within the meaning of CPLR 3121 (a) (see, Dillenbeck v Hess, 73 NY2d 278, 286-287;

see also, Koump v Smith, 25 NY2d 287, 300). Even if the party seeking the information satisfies that initial burden, discovery may still be precluded if the requested information is privileged (CPLR 3101 [b]; 4504).

Here, the plaintiff failed to sustain his initial burden of demonstrating that the appellant's physical condition at the time of the accident was "in controversy" (see, Dillenbeck v Hess, supra, at 287; see also, Williams v McGinty, 205 AD2d 617). Moreover, the appellant validly asserted the patient-physician privilege, which was not waived by his denial of the allegations of the complaint or by asserting his affirmative defenses. Nor did he testify that he could not recall the events leading up to and including the accident " 'to excuse the conduct complained of by the plaintiff' " (Dillenbeck v Hess, supra, at 288; see, Williams v McGinty, supra, at 619). Therefore, the court erred in directing an in camera review of the appellant's hospital records.

Since the court did not determine the remaining branches of the motion-in-chief, which sought to compel several additional items of discovery, or of the cross motion, which sought a protective order against that additional discovery, the matter is remitted for a determination thereof. Bracken, J. P., Copertino, Joy, Florio, and McGinity, JJ., concur.