■ NIKOLAOS P. NEFERIS, Appellant, v RITA B. DESTEFANO et al., Respondents. [697 NYS2d 108] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated October 6, 1998, which denied his motion to compel the defendants to respond to his notice for discovery and inspection which sought, *inter alia,* psychiatric records of the defendant Rita B. DeStefano.

Ordered that the order is reversed, with costs, and the motion to compel the defendants to comply with his notice for discovery and inspection is granted to the extent that the defendant Rita B. DeStefano is directed to provide the plaintiff with (1) the name and address of her treating psychiatrist and the condition for which she was being treated with the medications Navane and Cogentin, and (2) her pharmacy records to the limited extent that they reveal the quantities of Navane and Cogentin prescribed for her during the six-month period immediately preceding the accident; and it is further,

Ordered that the time for the defendant Rita B. DeStefano to comply with said portions of the notice for discovery and inspection is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiff brought the instant action to recover damages for injuries he allegedly sustained in a two-vehicle collision. The defendant Rita B. DeStefano (hereinafter DeStefano) was the driver of one of the vehicles involved in the collision. At her examination before trial, DeStefano admitted that she had taken the prescription medications Navane and Cogentin within the 24-hour period prior to the subject accident. She further stated that she took these medications for "nerves".

At issue on the instant appeal is whether DeStefano was

required to provide the plaintiff with authorizations allowing him to obtain (1) her psychiatric records to the limited extent that they reveal the name and address of her treating psychiatrist and the condition for which she was being treated with the medications Navane and Cogentin, and (2) her pharmacy records. The Supreme Court determined that DeStefano's records were subject to the physician-patient privilege and, therefore, were not discoverable. We disagree.

Because the plaintiff sought DeStefano's medical records, he was required to demonstrate that her physical or mental condition was in controversy (*see, Dillenbeck v Hess,* 73 NY2d 278, 287; *Koump v Smith,* 25 NY2d 287; *Klein v Levin,* 242 AD2d 682; *Navedo v Nichols,* 233 AD2d 378). If this burden is satisfied, discovery may still be precluded if the requested information is subject to the physician-patient privilege (*see,* CPLR 3101 [b]; CPLR 4504; *Navedo v Nichols, supra*). If the information sought falls within the privilege, discovery can only be compelled if the privilege has been waived (*see, Dillenbeck v Hess, supra,* at 287).

The plaintiff sufficiently demonstrated that DeStefano's psychiatric condition is in controversy through her own testimony that she had taken prescription medication for "nerves" before the subject accident, and that one of the medications warns that it may impair one's ability to drive a motor vehicle (*see, Dillenbeck v Hess, supra,* at 288; *Williams v McGinty,* 205 AD2d 617, 618). Thus, the burden shifted to the defendants to show that the information sought by the plaintiff is privileged (*see, Dillenbeck v Hess, supra,* at 287).

It is well settled that the physician-patient privilege (*see,* CPLR 4504 [a]) does not protect "the mere facts and incidents of a person's medical history" (*Williams v Roosevelt Hosp.,* 66 NY2d 391, 396; *see, Klein v Levin, supra; Wepy v Shen,* 175 AD2d 124). As applied to the instant case, the name of DeStefano's treating psychiatrist is not privileged information (*see, Hughson v St. Francis Hosp.,* 93 AD2d 491, 499; *see also, Williams v Roosevelt Hosp., supra,* at 397). However, the plaintiff's request for the name of the specific nerve condition from which DeStefano suffers is privileged (*see, Hughson v St. Francis Hosp., supra,* at 499). Therefore, the plaintiff is entitled to this information only if DeStefano waived the privilege.

This Court has stated that waiver " 'results from failure to object to disclosure of privileged information' " (*Riccardi v Tampax, Inc.,* 113 AD2d 880, 881, quoting *Hughson v St. Francis Hosp., supra,* at 500). By stating that she takes the medication for "nerves", DeStefano waived the physician-patient privilege

with respect to the specific name of the condition from which she suffers (*see, DeSilva v Rosenberg,* 129 AD2d 609, 611; *Riccardi v Tampax, Inc., supra*; *see also, Rosenthal v Cullen & Dykman,* 233 AD2d 313).

DeStefano's pharmacy records are not subject to the physician-patient privilege (*see,* CPLR 4504). In the exercise of our discretion, however, we limit the plaintiff's discovery of DeStefano's pharmacy records to information regarding the quantities of Navane and Cogentin that were prescribed for her during the six-month period immediately preceding the accident (*see, Moore v Superior Ice Rink,* 251 AD2d 305).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.