■ SHOSHANA GRAFI et al., Respondents, v STEPHEN A. SOLOMON, Appellant, et al., Defendant. [711 NYS2d 905] —In an action to recover damages for medical malpractice, etc., the defendant Stephen Solomon appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated September 6, 1999, as granted that branch of the plaintiffs' motion which was to direct him to attend a further pretrial deposition to answer questions as to his mental or physical condition.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the motion which was to direct the defendant Stephen Solomon to attend a further pretrial deposition to answer questions as to his mental or physical condition is denied.

A litigant will be deemed to have waived the physician-patient privilege when, in bringing or defending a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue (see, Dillenbeck v Hess, 73 NY2d 278, 287; Koump v Smith, 25 NY2d 287, 294). Nevertheless, a defendant does not waive the privilege whenever forced to defend an action in which his or her mental or physical condition is in controversy unless, in so defending, he or she affirmatively asserts the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff (see, Dillenbeck v Hess, supra; Koump v Smith, supra; Gandy v Larkins, 165 AD2d 862).

The respondents' proof was insufficient to meet their initial burden of demonstrating that the appellant's medical condition at the time of the alleged malpractice is in controversy (see, Dillenbeck v Hess, supra, at 286-287). Moreover, the record is insufficient to establish that the appellant waived the physician-patient privilege (see, Dillenbeck v Hess, supra, at 288; Scinta v Van Coevering, 249 AD2d 889). O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.