■ DINO LIVERANO, Respondent, v ORRIN DEVINSKY et al., Defendants, and MICHAEL DOGALI et al., Appellants. [717 NYS2d 629] —In an action to recover damages for medical malpractice, the defendants Michael Dogali and Michael Dogali, M.D., P. C., appeal from (1) an order of the Supreme Court, Kings County (Spodek, J.), dated January 13, 1999, and (2) an order of the

same court, dated February 3, 1999, which, following an in camera inspection of the ophthalmological records of the defendant Michael Dogali, granted the plaintiff's motion to be provided with those records, and denied their cross motion for a protective order.

Ordered that the appeal from the order dated January 13, 1999, is dismissed, as that order was superseded by the order dated February 3, 1999, and it is further,

Ordered that the order dated February 3, 1999, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

After this action was commenced, the plaintiff learned that the appellant Dr. Michael Dogali lost some surgical privileges, apparently due in part to his having developed glaucoma. The plaintiff then moved for disclosure of Dr. Dogali's ophthalmological records. Dr. Dogali cross-moved for a protective order. After an in camera review of Dr. Dogali's ophthalmological records, the Supreme Court ordered their disclosure.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." It is well settled that this phrase should be interpreted liberally in favor of disclosure (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). The Supreme Court properly directed the disclosure of Dr. Dogali's ophthalmological records because the information sought is material and necessary to the issues to be determined in the litigation (*see, Allen v Crowell-Collier Publ. Co., supra*). Further, contrary to Dr. Dogali's assertion, the physician-patient privilege was waived when he voluntarily disclosed the nature and extent of his glaucoma to members of the media, which resulted in the subsequent publication of his condition (*see, Dillenbeck v Hess,* 73 NY2d 278). Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.