■ JOSEPH LOMBARDI et al., Respondents, v MICHAEL H. HALL et al., Appellants, et al., Defendants. [774 NYS2d 560]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Michael H. Hall, Paul A. Gellert, Robert Redican, and North Shore University Hospital appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated August 12, 2003, as granted that branch of the plaintiffs' cross motion which was to compel disclosure of the personal medical records of the defendant Michael H. Hall concerning testing for hepatitis C to the extent of directing that the records be produced to the court for in camera inspection.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal from the order dated August 12, 2003, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the appeal by the defendants Paul A. Gellert, Robert Redican, and North Shore University Hospital is dismissed, without costs or disbursements, as they are not aggrieved by the portion of the order appealed from (*see* CPLR 5701 [a] [2] [v]); and it is further,

Ordered that the order is reversed insofar as appealed from by Michael H. Hall, on the law, with costs, and that branch of the cross motion which was to compel disclosure of the personal medical records of the defendant Michael H. Hall concerning testing for hepatitis C is denied.

No appeal lies as of right from an order directing an in camera inspection of materials claimed to be privileged in aid of determining a motion to compel discovery (*see* CPLR 5701 [a] [2] [v]; *Navedo v Nichols*, 233 AD2d 378 [1996]; *Garcia v Montefiore Med. Ctr.*, 209 AD2d 208 [1994]).

A party seeking to inspect a defendant's medical records must

first demonstrate that the defendant's physical or mental condition is "in controversy" within the meaning of CPLR 3121 (a) (*see Dillenbeck v Hess,* 73 NY2d 278, 286-287 [1989]; *Koump v Smith,* 25 NY2d 287, 300 [1969]; *Navedo v Nichols, supra*). Even where this preliminary burden has been satisfied discovery may still be precluded where the information requested is privileged and thus exempted from disclosure pursuant to CPLR 3101 (b) (*see Dillenbeck v Hess, supra; Navedo v Nichols, supra* at 379). Once the privilege is validly asserted, it must be recognized and the information sought may not be disclosed unless it is demonstrated that the privilege has been waived (*see* CPLR 3101 [b]; 4504 [a]; *Dillenbeck v Hess, supra; Koump v Smith, supra* at 294).

A waiver of the privilege occurs when, in bringing or defending a personal injury action, a litigant affirmatively places his or her mental or physical condition in issue (*see Koump v Smith, supra; Grafi v Solomon,* 274 AD2d 451, 452 [2000]). This waiver does not occur whenever a party is forced to defend an action in which his or her mental or physical condition is in controversy (*see Dillenbeck v Hess, supra* at 287-288; *Koump v Smith, supra* at 294; *Grafi v Solomon, supra*). Rather, in order to effect a waiver, a defendant must do more than simply deny the allegations in the complaint (*see Dillenbeck v Hess, supra* at 288; *Koump v Smith, supra; Grafi v Solomon, supra*). He or she must affirmatively assert the condition "either by way of counterclaim or to excuse the conduct complained of by the plaintiff" (*Koump v Smith, supra* at 294; *see Dillenbeck v Hess, supra; Grafi v Solomon, supra; Cannistra v County of Putnam,* 139 AD2d 479, 480 [1988]).

The plaintiffs failed to sustain their initial burden of demonstrating that Michael H. Hall's physical condition at the time of the alleged malpractice was "in controversy" (*see Dillenbeck v Hess, supra; Grafi v Solomon, supra; Navedo v Nichols, supra*). Assuming that the plaintiffs met their burden, Hall validly asserted the physician-patient privilege, which was not waived by his denial of the allegations of the complaint or by asserting his affirmative defenses (*see Dillenbeck v Hess, supra; Koump v Smith, supra; Grafi v Solomon, supra; Navedo v Nichols, supra*). Moreover, there is no evidence in the record that Hall voluntarily disclosed any information to the media which would have served as a waiver of the privilege (*cf. Liverano v Devinsky,* 278 AD2d 386, 387 [2000]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.