■ GARY APPLER, an Infant, by ROSEMARY CULVER-APPLER, His Parent and Guardian, Respondent, v RIVERVIEW OBSTETRICS & GYNECOLOGY, P.C., et al., Defendants, and GEORGE T.C. WAY, Appellant. [780 NYS2d 188]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered April 1, 2003 in Ulster County, which granted plaintiff's motion to strike defendant George T.C. Way's answer, and (2) from an order of said court, entered October 3, 2003 in Ulster County, which denied said defendant's motion to, inter alia, renew.

Plaintiff commenced this medical malpractice action against defendants in 1996 and, following joinder of issue, various discovery deadlines were established. Defendant George T.C. Way thereafter refused to be deposed, prompting plaintiff to move for an order compelling him to submit to an examination before trial. Way opposed such motion, contending that he suffers from Alzheimer's disease and "is both physically and mentally incapable of appearing and testifying meaningfully." Way's internist, Herbert Savel, concurred, averring that Way's memory was impaired and, as such, his recollections were totally unreliable. By order entered April 30, 2002, Supreme Court (Leaman, J.) directed, inter alia, that Way submit to an independent medical examination and authorized plaintiff to serve additional discovery demands to access Way's medical records.

Way thereafter failed to respond to plaintiff's demand for

medical records, once again prompting plaintiff to seek an order compelling Way's compliance with the requested demand. By order entered September 20, 2002, Supreme Court (Leaman, J.) directed that Way produce all requested medical records and materials, including those maintained by Savel, by October 1, 2002. Although Way thereafter provided some of the medical records requested, he refused to produce Savel's office records, contending that Savel did not possess any records relevant to his mental capacity. In response, plaintiff moved by order to show cause to, inter alia, strike Way's answer.

By order entered April 1, 2003, Supreme Court granted plaintiff's application, finding that Way intentionally refused to comply with the previous discovery orders. Way thereafter moved for renewal and sought to, inter alia, substitute his spouse, who had been appointed his guardian by a Florida court, as a party defendant. By order entered October 3, 2003, Supreme Court denied Way's motion in its entirety, prompting these appeals.

We affirm. Preliminarily, we note that although Way was found to be incapacitated by a Florida court, such determination is not binding upon Supreme Court and, as such, does not operate to divest Supreme Court of jurisdiction (*see Stock v Mann,* 255 NY 100, 103 [1930]; *Matter of Serrano,* 179 Misc 2d 806, 808 [1998], *affd* 277 AD2d 80 [2000]; *Matter of Whitehead,* 169 Misc 2d 554, 560 [1996]). Turning to the merits, "CPLR 3126 authorizes a court to fashion an appropriate remedy when a party refuses to obey an order of disclosure or willfully fails to disclose information. The choice of remedy lies within Supreme Court's discretion and is not disturbed absent clear abuse, despite a general policy which favors resolution of disputes on their merits" (*Cavanaugh v Russell Sage Coll.,* 4 AD3d 660, 660 [2004]; *see Osterhoudt v Wal-Mart Stores,* 273 AD2d 673, 674 [2000]; *Martin v Brooks,* 270 AD2d 538, 539 [2000]). Thus, while striking an answer indeed is a drastic remedy, such sanction is appropriate "where a party's noncompliance with discovery demands is willful and contumacious" (*Rankin v Miller,* 252 AD2d 863, 864 [1998]; *see Kinge v State of New York,* 302 AD2d 667, 669 [2003]; *Brothers v Bunkoff Gen. Contrs.,* 296 AD2d 764, 765 [2002]).

Based upon our review of the record, we are satisfied that the foregoing standard is met here. Way's dilatory tactics and repeated refusals to comply with reasonable discovery demands required plaintiff to bring two separate motions to compel and, even then, Way failed to fully abide by Supreme Court's directives. To the extent that Way contends that he made a good

faith effort to comply, we cannot agree. Way resisted submitting to an examination before trial based upon "both physical and mental infirmities" that purportedly precluded him from testifying and, in this regard, relied upon Savel's affidavit attesting to his various impairments, yet he steadfastly refused to authorize the disclosure of Savel's medical records. Although Way now contends that such records are privileged, we need note only that Way waived such privilege by affirmatively placing his physical and medical condition in issue in the course of resisting plaintiff's discovery demands (see *Coddington v Lisk*, 249 AD2d 817 [1998]). Way's remaining contentions, including his assertion that Supreme Court erred in denying his motion to renew, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.