■ MARY ANN BONGIORNO, Respondent-Appellant, v JOHN LIVINGSTON et al., Appellants-Respondents. [799 NYS2d 98]—

In an action to recover damages for medical malpractice, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated March 16, 2004, as granted that branch of the plaintiff's motion which was to compel disclosure to the extent of (a) directing an in camera review of the medical records requested in number 23 of the plaintiff's notice for discovery and inspection, and (b) directing the defendants to respond to the items requested in number 25 of the plaintiff's notice for discovery and inspection, and denied their cross motion for a protective order with respect to those items in number 25, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her motion which was to direct the defendants to respond to specified items contained in her notice for discovery and inspection.

Ordered that on the Court's own motion, the defendants' notice of appeal is treated as an application for leave to appeal from so much of the order dated March 16, 2004, as granted that branch of the plaintiff's motion which was to compel disclosure to the extent of directing an in camera review of the medical records demanded in item number 23, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof granting that branch of the motion which was to compel disclosure of the medical records contained in item number 23 to the extent of directing an in camera review of those records, and substituting therefor a provision denying that branch of the plaintiff's motion and granting that branch of the defendants' cross motion which was for a protective order as to that portion of the demand, and (2) deleting the provision thereof granting that branch of the plaintiff's motion which was to direct the defendants to provide, in response to item 25, the names and addresses of all psychiatrists and psychologists who treated the defendant John Livingston prior to and during the alleged medical malpractice, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of directing the defendant John Livingston to provide the plaintiff in response to item 25 with the names and addresses of the psychiatrists and psychologists who treated him during the time of the alleged malpractice; as so modified, the order is affirmed, with costs to the defendants.

No appeal lies as of right from an order directing an in camera inspection of materials claimed to be privileged in aid of determining a motion to compel discovery (see CPLR 5701 [a] [2] [v]; Navedo v Nichols, 233 AD2d 378 [1996]).

Discovery and inspection of a defendant's mental or physical condition contained in his or her medical records is permitted only when the defendant's mental or physical condition has been placed "in controversy" (*see* CPLR 3121 [a]; *Dillenbeck v Hess,* 73 NY2d 278, 286-287 [1989]; *Lombardi v Hall,* 5 AD3d 739, 739-740 [2004]). Even when this preliminary burden has been satisfied discovery may still be precluded where the information requested is subject to the physician-patient privilege (*see* CPLR 3101 [b]; 4504 [a]; *Dillenbeck v Hess, supra* at 287; *Lombardi v Hall, supra* at 740; *Neferis v DeStefano,* 265 AD2d 464, 465 [1999]). Although a defendant may waive this privilege when he or she affirmatively places his or her mental or physical condition in issue, to effect a waiver, a defendant must do more than simply deny the allegations in the complaint (*see Dillenbeck v Hess, supra* at 288; *Koump v Smith,* 25 NY2d 287, 294 [1969]; *Grafi v Solomon,* 274 AD2d 451, 452 [2000]). He or she must affirmatively assert the condition "either by way of counterclaim or to excuse the conduct complained of by the plaintiff" (*Dillenbeck v Hess, supra* at 288 [internal quotation marks omitted]; *Koump v Smith, supra; Lombardi v Hall, supra*).

While the plaintiff sustained her initial burden of demonstrating that the individual defendant's physical and mental condition at the time of the alleged malpractice was in controversy, the individual defendant validly asserted the physician-patient privilege with respect to the medical information contained in the admission records of Marworth Rehabilitation Center. The individual defendant did not effectively waive the privilege by simply denying the allegations in the complaint, nor is there any indication in the record that the individual defendant otherwise admitted to the allegations regarding his medical and physical condition at the time of the alleged medical malpractice (*see Dillenbeck v Hess, supra; Koump v Smith, supra; Lombardi v Hall, supra; Grafi v Solomon, supra* at 452; *cf. Neferis v DeStefano, supra*). Since the defendants were entitled to a protective order precluding discovery and inspection of the medical records sought by item number 23, the court erred in directing an in camera review of those records.

Furthermore, while the names and addresses of the individual defendant's treating psychiatrists and psychologists are not privileged information (*see Neferis v DeStefano, supra; Hughson v St. Francis Hosp. of Port Jervis,* 93 AD2d 491, 499 [1983]), the information sought by item number 25 of the plaintiff's discovery and inspection should be limited to the names and addresses of the psychiatrists and psychologists who treated the

individual defendant only during the time of the alleged medical malpractice (*see Neferis v DeStefano, supra* at 466).

Furthermore, the court providently exercised its discretion in denying that branch of the plaintiff's motion which was to direct the defendants to respond to certain items contained in their notice for discovery and inspection. The demands were palpably improper in that they were, inter alia, of an overbroad and burdensome nature (*see Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 471 [2002]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.