ANN MARIE KIVLEHAN et al., Appellants, v NANCY M. WALTNER et al., Respondents. (And a Related Action.) [827 NYS2d 290]—

In two related actions to recover damages for medical malpractice, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Orange County (Slobod, J.), dated January 10, 2006, which denied their motion to compel disclosure of certain medical and hospital records and (2), as limited by their brief, from so much of an order of the same court dated April 17, 2006 as granted the motion of the defendant Good Samaritan Hospital of Suffern, N.Y., for a protective order regarding certain depositions.

Ordered that the order dated January 10, 2006 is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' motion which were to compel disclosure of the records maintained by the Department of Infection Control of the defendant Good Samaritan Hospital of Suffern, N.Y., regarding the defendant Nancy M. Waltner, and the "name(s) and address(s) of physician(s) and/or health care provider(s) and/or healthcare facility(s) that took and/or obtained cultures from Dr. Waltner in June and/or July of 2003," and substituting therefor a provision granting those branches of the plaintiffs' motion; as so modified, the order dated January 10, 2006 is affirmed; and it is further,

Ordered that the order dated April 17, 2006 is reversed insofar as appealed from, on the law and in the exercise of discretion, and the motion of the defendant Good Samaritan Hospital of

Suffern, N.Y., for a protective order regarding certain depositions is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the respondents appearing separately and filing separate briefs.

In June 2003 the injured plaintiff Ann Marie Kivlehan suffered a nearly fatal Group A streptococcal infection after giving birth at the defendant Good Samaritan Hospital of Suffern, N.Y. (hereinafter Good Samaritan). The injured plaintiff and her husband subsequently commenced this action alleging that she was infected by her obstetrician, the defendant Nancy M. Waltner.

During a deposition, Dr. Waltner, inter alia, acknowledged that she had a Group A streptococcal infection while working at the hospital during the relevant time period. The plaintiffs moved to compel disclosure of Dr. Waltner's medical records as well as various records kept by the defendant Good Samaritan. The defendants opposed discovery of the items on grounds of physician-patient privilege and the quality assurance privilege afforded to hospitals under Education Law § 6527 (3) and Public Health Law §§ 2805-j, 2805-k, and 2805-m. The Supreme Court denied the motion on those grounds. The defendant Good Samaritan then moved for a protective order to preclude the deposition of its vice-president of Patient Care Services and its infection control officer. The Supreme Court granted Good Samaritan's motion.

The New York Education Law shields from disclosure "the proceedings [and] the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program [and] any report required by the department of health" (Education Law § 6527 [3]; see Logue v Velez, 92 NY2d 13, 16-17 [1998]). The party seeking to invoke the quality assurance privilege bears the burden of demonstrating that the documents sought were prepared in accordance with the relevant statutes (see Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 46 [2004]; Orner v Mount Sinai Hosp., 305 AD2d 307, 311 [2003]; Van Caloen v Poglinco, 214 AD2d 555, 557 [1995]). Records simply duplicated by a quality assurance committee are not necessarily privileged (see Marte v Brooklyn Hosp. Ctr., supra at 48).

Here, in opposition to the motion to compel disclosure, Good Samaritan submitted an affidavit from its credentials coordinator, who asserted that Dr. Waltner's file "only contains information that was collected for quality assurance purposes and to comply with relevant provisions of the Public Health Law

concerning the credentialing of physicians." Contrary to the determination of the Supreme Court, this showing was insufficient to demonstrate that documents maintained by Good Samaritan's Department of Infection Control with regard to Dr. Waltner's condition were actually generated at the behest of Good Samaritan's Quality Assurance Department. In order to assert the privilege, "[a] hospital is required, at a minimum, to show that it has a review procedure and that the information for which the exemption is claimed was obtained or maintained in accordance with that review procedure" (*Bush v Dolan*, 149 AD2d 799, 800-801 [1989]). Accordingly, that branch of the plaintiffs' motion which sought to compel discovery of those items was improperly denied (*cf. Matter of Subpoena Duces Tecum to Jane Doe*, 99 NY2d 434, 440 [2003]).

Moreover, the Supreme Court improperly denied that branch of the plaintiffs' motion which was to compel disclosure of the "name(s) and address(s) of physician(s) and/or health care provider(s) and/or healthcare facility(s) that took and/or obtained cultures from Dr. Waltner in June and/or July of 2003." A party seeking discovery of a defendant's medical records is required to demonstrate that the defendant's physical or mental condition is "in controversy" within the meaning of CPLR 3121 (a) (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Koump v Smith*, 25 NY2d 287 [1969]; *Lombardi v Hall*, 5 AD3d 739 [2004]; *Neferis v DeStefano*, 265 AD2d 464 [1999]). The burden then shifts to the defendant to show that the information sought by the plaintiff is subject to the physician-patient privilege (*Lombardi v Hall, supra*; *Neferis v DeStefano, supra*). If the information sought falls within the privilege, discovery can only be compelled if the privilege has been waived (*see* CPLR 3101 [b]; 4504 [a]; *Dillenbeck v Hess, supra* at 287; *Lombardi v Hall, supra*; *Neferis v DeStefano, supra*). Here, the names and addresses of those who treated Dr. Waltner during the time period of the alleged malpractice were not subject to the physician-patient privilege (*see Bongiorno v Livingston*, 20 AD3d 379, 381-382 [2005]; *Neferis v DeStefano, supra* at 465). Rather, the information sought relates to "the mere facts and incidents of [Dr. Waltner's] medical history" (*Williams v Roosevelt Hosp.*, 66 NY2d 391, 396 [1985]).

In light of the foregoing, Good Samaritan's motion for a protective order precluding the depositions of its vice-president of Patient Care Services and infection control officer was improperly granted. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.