█ Petros Paliouras, Respondent, v Nicholas J. Donohue et al., Appellants. [933 NYS2d 618]—

A party or parties seeking to inspect a plaintiff's medical records must first demonstrate that the plaintiff's physical or mental condition is "in controversy" within the meaning of CPLR 3121 (a), and it is only after such an evidentiary showing that discovery may proceed under the statute (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Koump v Smith*, 25 NY2d 287, 294 [1969]; *Neferis v DeStefano*, 265 AD2d 464 [1999]). Even where this preliminary burden has been satisfied, discovery may still be precluded where the information requested is privileged and, thus, exempted from disclosure pursuant to CPLR 3101 (b) (*see Dillenbeck v Hess*, 73 NY2d at 287; *Lombardi v Hall*, 5 AD3d 739, 740 [2004]; *Navedo v Nichols*, 233 AD2d 378, 379 [1996]). Once the privilege is validly asserted, it must be recognized and the information sought may not be disclosed unless it is demonstrated that the privilege has been waived (*see* CPLR 3101 [b]; 4504 [a]; *Dillenbeck v Hess*, 73 NY2d at 287; *Koump v Smith*, 25 NY2d at 294).

Here, the defendants failed to sustain their initial burden of demonstrating that the plaintiff's physical or mental condition is "in controversy" in this action (*see Koump v Smith*, 25 NY2d at 297; *McConnell v Santana*, 30 AD3d 481, 482 [2006]; *Lombardi v Hall*, 5 AD3d at 740; *Navedo v Nichols*, 233 AD2d at 379). Furthermore, the plaintiff validly asserted the physician-patient privilege since he did not affirmatively place his physical or mental condition in issue in this action (*see Koump v Smith*, 25 NY2d at 297; *McConnell v Santana*, 30 AD3d at 482; *Lombardi v Hall*, 5 AD3d at 740; *Navedo v Nichols*, 233 AD2d at 379).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for a protective order pursuant to CPLR 3103 (a) precluding the defendants from obtaining authorizations for the plaintiff's medical records relating to the underlying injury for a certain time period and, in effect, to vacate that portion of the preliminary conference order dated June 9, 2010, as directed him to provide authorizations for all medical providers relevant to the underlying injury for that time period. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.