■ Jay H. Fox, Individually and as Executor of Denice Fox, Deceased, et al., Respondents, v Evan Marshall et al., Appellants, et al., Defendants. [936 NYS2d 307]—

The physician-patient privilege prohibits disclosure of any information acquired by a physician "in attending a patient in a professional capacity, and which was necessary to enable him [or her] to act in that capacity" (*Dillenbeck v Hess*, 73 NY2d 278, 284 [1989] [internal quotation marks omitted]). Pursuant to CPLR 4504, physicians, nurses, and related professionals "shall not be allowed to disclose any information which he [or she] acquired in attending a patient in a professional capacity, and which was necessary to enable him [or her] to act in that capacity" (CPLR 4504 [a]; *see also* 4507).

Discovery of medical records regarding a party's mental or physical condition is permitted when a defendant waives that privilege by affirmatively placing his or her mental or physical condition "in controversy" (CPLR 3121 [a]; *see Dillenbeck v Hess*, 73 NY2d at 286-287; *Lombardi v Hall*, 5 AD3d 739, 739-

740 [2004]). In order to effect a waiver, a party must affirmatively assert the condition and place that condition in issue " 'either by way of counterclaim or to excuse the conduct complained of by the plaintiff' " in the pending action or in a related matter (*see Dillenbeck v Hess*, 73 NY2d at 288, quoting *Koump v Smith*, 25 NY2d 287, 294 [1969]; *see Grafi v Solomon*, 274 AD2d 451, 452 [2000]).

Under the circumstances of this case, the Supreme Court did not err in finding that the defendant Evan Marshall waived the physician-patient privilege with respect to the medical records and other documents relating to a prior criminal proceeding in which he was a defendant that are the subject of the orders appealed from here (*see Webdale v North Gen. Hosp.*, 7 Misc 3d 947, 955 [2005], *affd* 24 AD3d 153 [2005]; *see also Szmania v State of New York*, 82 AD3d 1688, 1690 [2011]). Further, under the circumstances of this case, the Supreme Court properly, in effect, denied the requests for an in camera review of certain medical records (*cf. J.Z. v South Oaks Hosp.*, 67 AD3d 645 [2009]; *Sohan v Long Is. Coll. Hosp.*, 282 AD2d 597 [2001]). Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.