■ ARMAND RETAMOZZO, Appellant, v JASON QUINONES et al., Respondents, et al., Defendants. [945 NYS2d 22]—

Appeal from order, Supreme Court, New York County (Judith J. Gische, J.), entered October 8, 2010, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion to compel discovery, directed that plaintiff not use any kind of recording device during depositions, and denied plaintiff's cross motion to compel discovery and for discovery sanctions, unanimously dismissed, without costs, as untimely.

Because the order appealed from is appealable as of right (*see* CPLR 5701 [a] [2]), plaintiff should have served and filed a notice of appeal instead of moving for leave to appeal. When the motion for leave to appeal was denied, in order to take advantage of the tolling provision provided in CPLR 5514 (a), plaintiff should have served and filed a notice of appeal within the time set forth in CPLR 5513 (a), computed from the date

the motion for leave to appeal was denied. He did not and thus the appeal is untimely.

In any event, were we to reach the merits, we would affirm. Plaintiff's argument that defendants failed to include an affirmation of good faith in support of their motion to compel is belied by the record. Further, the IAS court's order that plaintiff was not to have his own personal recording device during depositions was an appropriate exercise of the court's power to regulate discovery (*see* CPLR 3103), especially given plaintiff's habit of tape recording conversations without notice to his interlocutor. Plaintiff was required to provide his mental health records, as he had affirmatively placed his mental and emotional state at issue (*Fox v Marshall*, 91 AD3d 710, 711-712 [2012]). Because plaintiff had not yet produced any documents, but admitted to having responsive documents, the IAS court properly ordered him to produce the documents.

The IAS court providently exercised its discretion in finding that the interrogatory responses of defendants were adequate. The motion for sanctions was also properly denied, as there was no indication that defendants failed to respond to discovery, let alone that they wilfully refused to provide information (*see* CPLR 3126). Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.