Peterson v Estate of John Rozansky (2019 NY Slip Op 02568)





Peterson v Estate of John Rozansky


2019 NY Slip Op 02568


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-02136
2016-08865
 (Index No. 19923/05)

[*1]Elaine M. Peterson, etc., et al., appellants,
v
Estate of John Rozansky, respondent.


Laurence Jeffrey Weingard, New York, NY, for appellants.
Saretsky Katz & Dranoff, LLP, New York, NY (Jonah S. Zweig of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered January 8, 2016, and (2) an order of the same court dated July 12, 2016. The order entered January 8, 2016, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3103(a) for a protective order with respect to certain medical records and denied the plaintiffs' cross motion pursuant to CPLR 3126 to strike the defendant's answer. The order dated July 12, 2016, insofar as appealed from, upon reargument, adhered to the original determination in the order entered January 8, 2016.
ORDERED that the appeal from the order entered January 8, 2016, is dismissed, as that order was superseded by the order dated July 12, 2016, made upon reargument; and it is further,
ORDERED that the order dated July 12, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On October 22, 2004, David Peterson was working at a toll plaza for the Queens Midtown Tunnel when he walked across a lane of traffic and was struck by a vehicle driven by John Rozansky. Peterson, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this personal injury action against Rozansky. In September 2006, Rozansky provided a letter to the plaintiffs' attorney from a social worker who stated that Rozanksy was then suffering from dementia and additionally may exhibit anxiety and depression. The plaintiffs assert that this letter was sent in order to avoid having Rozansky appear for a deposition. The plaintiffs did not move to compel his deposition, and it is undisputed that Rozansky was not deposed prior to his death in May 2009. The death certificate listed advanced Alzheimer's dementia among the causes of death. Thereafter, Rozansky's estate was substituted as the defendant in this action.
The plaintiffs filed notes of issue indicating that all discovery was complete and the [*2]case was ready for trial in December 2007, May 2011, and January 2014. In March 2015, after filing three notes of issue over the course of some seven years, indicating that discovery was complete and the case was ready for trial, the plaintiffs, who had not sought such discovery before filing the respective notes of issue, served on Rozansky's two adult children subpoenas commanding them to appear to testify at trial and to bring copies of all of Rozansky's medical records from October 22, 1999, to date. The defendant moved, inter alia, pursuant to CPLR 3103(a) for a protective order with respect to Rozansky's medical records. The plaintiffs cross-moved pursuant to CPLR 3126 to strike the defendant's answer. In an order entered January 8, 2016, the Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3103(a) for a protective order with respect to Rozansky's medical records and denied the plaintiffs' cross motion. The plaintiffs moved for leave to renew and reargue their cross motion, and, in effect, their opposition to that branch of the defendant's motion which was for a protective order with respect to Rozansky's medical records. In an order dated July 12, 2016, the court denied that branch of the plaintiffs' motion which was for leave to renew, granted that branch of the motion which was for leave to reargue, and upon reargument, adhered to its determination in the prior order. The plaintiffs appeal from both orders. During the pendency of these appeals, Peterson died, and his wife, as the executor of his estate, was substituted for him.
A party seeking to inspect a defendant's medical records must first demonstrate that the defendant's physical or mental condition is "in controversy" within the meaning of CPLR 3121(a) (see Dillenbeck v Hess, 73 NY2d 278, 286-287; Koump v Smith, 25 NY2d 287, 300; Lombardi v Hall, 5 AD3d 739, 739-740). Even where this preliminary burden has been satisfied, discovery may still be precluded where the information requested is privileged and thus exempt from disclosure pursuant to CPLR 3101(b) (see Dillenbeck v Hess, 73 NY2d at 287; Cole v Panos, 128 AD3d 880, 882). Once the physician-patient privilege is validly asserted, it must be recognized, and the information sought may not be disclosed unless it is demonstrated that the privilege has been waived (see CPLR 3101[b]; 4504[a]; Dillenbeck v Hess, 73 NY2d at 287).
A waiver of the privilege occurs when, in bringing or defending a personal injury action, a litigant affirmatively places his or her mental or physical condition in issue (see Dillenbeck v Hess, 73 NY2d at 287; Lombardi v Hall, 5 AD3d at 740). A party does not waive the privilege whenever forced to defend an action in which his or her condition is in controversy or by simply denying the allegations in the complaint (see Dillenbeck v Hess, 73 NY2d at 287-288; Grafi v Solomon, 274 AD2d 451, 452). Rather, in order to effect a waiver, a defendant must affirmatively assert the condition "either by way of counterclaim or to excuse the conduct complained of by the plaintiff" (Koump v Smith, 25 NY2d at 294; see Dillenbeck v Hess, 73 NY2d at 288; Fox v Marshall, 91 AD3d 710, 712; Lombardi v Hall, 5 AD3d at 740; Grafi v Solomon, 274 AD2d at 452).
We agree with the Supreme Court that in the instant matter, the plaintiffs failed to sustain their initial burden of demonstrating that Rozansky's condition at the time of the accident was "in controversy" within the meaning of CPLR 3121(a) (see Koump v Smith, 25 NY2d at 300; cf. Dillenbeck v Hess, 73 NY2d at 288-289). Furthermore, even if the plaintiffs had met that burden, neither Rozansky nor his estate waived the privilege attached to the medical records, as the defendant has not asserted a counterclaim or sought to excuse Rozansky's conduct at the time of the accident on the basis of some condition (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 53; Cannistra v County of Putnam, 139 AD2d 479, 480-481; Sibley v Hayes 73 Corp., 126 AD2d 629, 631). Contrary to the conclusion of our dissenting colleagues, Rozansky did not place his mental condition at the time of the accident "in controversy" or waive the privilege attached to his medical records by allegedly declining to be deposed in September 2006. Neither Rozansky nor his estate have sought to excuse his conduct at the time of the accident on October 22, 2004, due to any condition. At best, Rozansky placed his mental condition in September 2006 at issue by allegedly refusing to appear for a deposition (cf. Appler v Riverview Obstetrics & Gynecology, P.C., 9 AD3d 577, 579). The plaintiffs could have moved at that time to compel the deposition and challenged the social worker's diagnosis. Instead, nine years after the social worker's letter, and six years after Rozansky's death, and after filing three notes of issue over the course of some seven years, indicating that discovery was complete and the case was ready for trial, the plaintiffs purported to use the mechanism of a trial subpoena to compel production of Rozansky's medical records from October [*3]22, 1999, to the present. We disagree with our dissenting colleagues that Rozansky's alleged invocation of dementia in September 2006, by submission of a letter from his social worker, established a waiver of the privilege attached to his medical records from October 22, 1999.
In addition, contrary to the plaintiffs' contention, the defendant did not waive the physician-patient privilege by serving an expert disclosure on the issue of Peterson's comparative negligence in the manner in which he crossed the traffic lane (see Dillenbeck v Hess, 73 NY2d at 289; Navedo v Nichols, 233 AD2d 378, 379; Williams v McGinty, 205 AD2d 617, 619).
We also agree with the Supreme Court that there was no showing of any willful or contumacious conduct on the part of Rozansky or the estate, and therefore the plaintiffs were not entitled to an order striking the defendant's answer (see CPLR 3126, 2308; Dimoulas v Roca, 120 AD3d 1293, 1295).
Accordingly, the Supreme Court did not err in, upon reargument, adhering to its determination in the order entered January 8, 2016, granting that branch of the defendant's motion which was for a protective order with respect to Rozansky's medical records and denying the plaintiffs' cross motion to strike the defendant's answer.
The plaintiffs' remaining contention is without merit.
MASTRO, J.P., RIVERA and BRATHWAITE NELSON, JJ., concur.
DILLON, J., concurs in part and dissents in part, and votes to dismiss the appeal from the order entered January 8, 2016, and to modify the order dated July 12, 2016, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order entered January 8, 2016, as granted that branch of the defendant's motion which was pursuant to CPLR 3103(a) for a protective order with respect to certain medical records, and substituting therefor a provision, upon reargument, vacating that portion of the original determination and, thereupon, denying that branch of the motion, and as so modified, to affirm the order dated July 12, 2016, insofar as appealed from, with the following memorandum, in which CHRISTOPHER, J., concurs:
This action involves a pedestrian knockdown at a toll collection lane of the Queens Midtown Tunnel at approximately 3:30 p.m. on October 22, 2004. David Peterson, a Triborough Bridge and Tunnel Authority officer, was crossing a toll lane on foot within the scope of his employment when he was struck by an automobile allegedly owned and operated by John Rozansky. In July 2005, Peterson, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action against Rozansky. In September 2006, Rozansky was scheduled to be deposed, but he refused to appear to testify on the ground that he was suffering from dementia. His counsel provided a letter from a social worker dated September 15, 2006, confirming a physician's diagnosis of dementia, "which involves impaired memory, orientation, language, judgment/decision making and with activities of daily living." Rozansky died on May 15, 2009, and his certificate of death listed "Advanced Alzheimer's Dementia" as one of three causes of death. The Estate of John Rozansky (hereinafter the defendant) has been substituted into the action as the defendant.
In February 2015, more than one year after the filing of the last note of issue, the defendant served expert disclosure upon the plaintiffs stating that its expert was expected to testify that Peterson could have prevented the accident if he had followed proper procedure. In March and April 2015, in response to the expert disclosure, the plaintiffs' counsel prepared and served subpoenas on Rozansky's two adult children, directing them to appear to testify and to bring copies of Rozansky's medical records from October 22, 1999, forward. In May 2015, the defendant moved, inter alia, to quash the subpoenas and pursuant to CPLR 3103 for a protective order against the disclosure of Rozansky's medical records on the ground that the material was protected by the physician-patient privilege of confidentiality. The plaintiffs opposed the motion and cross-moved pursuant to CPLR 3126 to strike the defendant's answer on the ground that Rozansky had refused to be deposed and that the defendant, after Rozansky's death, failed to produce the subpoenaed medical records.
In order entered January 8, 2016, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for a protective order with respect to Rozansky's medical records and denied the plaintiffs' cross motion to strike the defendant's answer. The plaintiffs thereafter moved for leave to renew and reargue their cross motion and, in effect, their opposition to that branch of the defendant's motion which was for a protective order with respect to Rozansky's medical records. In an order dated July 12, 2016, the court granted that branch of the plaintiff's motion which was for leave to reargue and, upon reargument, adhered to its prior determination. The court denied that branch of the motion which was for leave to renew. The plaintiffs appeal from the orders. During the pendency of the appeals, Peterson died, and his wife, as the executor of his estate, was substituted for him.
It is our view that under the circumstances of this case, the Supreme Court should have directed the disclosure of Rozansky's medical records.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The law is well-settled that CPLR 3101(a) is to be liberally construed (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407; Melworm v Encompass Indem. Co., 112 AD3d 794; Giordano v New Rochelle Mun. Housing Auth., 84 AD3d 729, 730-731). The liberal construction of the statute is self-evident from its language, using nomenclature such as "shall," "all," and "material." The language is not limited to evidence that may be admissible at trial, as discovery is broader than admissibility (see People v Greenberg, 50 AD3d 195, 207 [Friedman, J., concurring]). For these reasons, a party asserting that material sought in disclosure is privileged bears the burden of demonstrating that such material is immune from discovery (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377; Koump v Smith, 25 NY2d 287, 294; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566).
A party is deemed to have waived the confidentiality of privileged material when, in bringing or defending a personal injury action, the party places his or her mental or physical condition in issue (see Dillenbeck v Hess, 73 NY2d 278, 286-288; Koump v Smith, 25 NY2d at 294). The defendant maintains that the physician-patient privilege was never waived, as it has asserted no defense or counterclaim affirmatively placing Rozansky's mental and/or physical acuities at issue in this action. The defendant further maintains that Rozansky's mental or physical condition was not placed "in controversy" solely because another party has placed such condition in issue by claiming it is relevant (see Andon v 302-304 Mott St. Assoc., 257 AD2d 37, 40, affd 94 NY2d 740).
Here, however, Rozansky's mental and/or physical health has been placed in controversy not by the defendant's pleadings, but by Rozansky's refusal, nearly three years prior to his death, to fulfill his deposition obligations in the normal course of the litigation. If Rozansky was so mentally impaired as to render him unable to be deposed in September 2006, as stated in the social worker's letter, questions reasonably arise regarding, inter alia, when Rozansky's progressive Alzheimer's disease had been diagnosed and whether he was suffering from the condition at or around the time of the accident.
Under the circumstances, we find that disclosure of Rozansky's medical records is warranted (see Appler v Riverview Obstetrics & Gynecology, P.C., 9 AD3d 577). In Appler, a defendant refused to be deposed on the ground that he was suffering from Alzheimer's disease, which condition was confirmed in a physician's affidavit. There, the Third Department held that the defendant's refusal to be deposed affirmatively placed that party's medical condition at issue and, therefore, affirmed an order directing disclosure of contested medical records (see id. at 579). The determination in Appler can be construed as permitting disclosure only of medical records relevant to the party's condition at the time he or she refused to testify at a deposition. Guided by Appler, we conclude that the Supreme Court should have directed disclosure of the records relied upon by the social worker when the social worker attested by letter to Rozansky's inability to be deposed in September 2006. As far as Rozansky's other subpoenaed medical records are concerned, we believe that the court should have directed an in camera inspection to determine whether any such records were material and relevant to Rozansky's ability to operate a motor vehicle prior to or in October 2004. There should then be disclosure of the records subject to any redactions that the court deems [*4]appropriate. We note that whether or not, or to what extent, such records are admissible at trial shall be determined by the trial judge.
Our conclusion in this matter recognizes that pursuant to CPLR 3101, the scope of disclosure is broad and "restricted only by a test for materiality of usefulness and reason'" (Hoenig v Westphal, 52 NY2d 605, 608, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d at 406). In our view, the majority's determination prohibiting the disclosure of Rozansky's medical records provides a potentially dangerous precedent for any party, in any action, to avoid testifying at a deposition by the mere submission of a doctor's note asserting a medical infirmity, without affording the adverse party adequate recourse or confirmation of such infirmity. As such, the majority's holding is inconsistent with the purpose and intent of CPLR article 31, as "artificial barriers are not to be read into the carefully designed system favoring full disclosure'" (Hoenig v Westphal, 52 NY2d at 610).
Although we believe that the Supreme Court should have, upon reargument, denied that branch of the defendant's motion which was for a protective order with respect to Rozansky's medical records, we agree with the majority that the court, upon reargument, did not improvidently exercise its discretion in adhering to its prior determination denying the plaintiffs' cross motion to strike the defendant's answer. "[T]he drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful or contumacious" (Pinto v Tenenbaum, 105 AD3d 930, 931). Here, the plaintiffs failed to make such a showing.
The parties' remaining contentions are without merit or academic in light of our determination.
ENTER:
Aprilanne Agostino
Clerk of the Court