Hausman v Smith (2023 NY Slip Op 04457)

Hausman v Smith

2023 NY Slip Op 04457

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-09337
2022-01060
 (Index No. 515547/19)

[*1]Emily Hausman, respondent,
v
Arien Javon Smith, etc., appellant.

Siegle & Sims, LLP, New York, NY (Eric W. Siegle of counsel), for appellant.
Dell'Anno Law PLLC, New York, NY (Nicholas W. Dell'Anno of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and fraud, the defendant appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 12, 2021, and (2) an order of the same court dated February 1, 2022. The order dated November 12, 2021, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant to provide authorizations for certain medical records. The order dated February 1, 2022, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated November 12, 2021, granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant to provide authorizations for certain medical records.
ORDERED that the order dated November 12, 2021, is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant to provide authorizations for certain medical records is denied, and so much of the order dated February 1, 2022, as, in effect, upon reargument, adhered to the determination in the order dated November 12, 2021, granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant to provide authorizations for certain medical records is vacated; and it is further,
ORDERED that the appeal from the order dated February 1, 2022, is dismissed as academic in light of our determination on the appeal from the order dated November 12, 2021; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action alleging, inter alia, that she contracted a sexually transmitted disease from the defendant, and that she relied to her detriment on the defendant's statements about his physical condition, including that he had recently tested negative for such diseases.
In or about October 2021, the plaintiff moved, inter alia, pursuant to CPLR 3124 to compel the defendant to provide authorizations for his medical records related to testing and treatment for sexually transmitted diseases. The defendant opposed, arguing that the records were protected by the physician-patient privilege. In an order dated November 12, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion and directed the defendant to provide authorizations for the specified records, concluding that they were "paramount" to the action. In or about December 2021, the defendant moved for leave to reargue his opposition to the plaintiff's motion. In an order dated February 1, 2022, the court, inter alia, in effect, granted reargument and, upon reargument, adhered to its prior determination, and modified the November 12, 2021 order solely to the extent of imposing limitations on the use and dissemination of the records obtained. The defendant appeals.
"A party seeking to inspect a defendant's medical records must first demonstrate that the defendant's physical or mental condition is 'in controversy' within the meaning of CPLR 3121(a)" (Peterson v Estate of Rozansky, 171 AD3d 805, 807; see Dillenbeck v Hess, 73 NY2d 278, 286-287; Koump v Smith, 25 NY2d 287, 300). "Even where this preliminary burden has been satisfied, discovery may still be precluded where the information requested is privileged and thus exempt from disclosure pursuant to CPLR 3101(b)" (Peterson v Estate of Rozansky, 171 AD3d at 807; see Dillenbeck v Hess, 73 NY2d at 287; Cole v Panos, 128 AD3d 880, 882; Bongiorno v Livingston, 20 AD3d 379, 381). Once the physician-patient privilege is validly asserted, it must be recognized, and the information sought may not be disclosed unless it is demonstrated that the privilege has been waived (see CPLR 3101[b]; 4504[a]; Dillenbeck v Hess, 73 NY2d at 287).
"A waiver of the privilege occurs when, in bringing or defending a personal injury action, a litigant affirmatively places his or her mental or physical condition in issue" (Peterson v Estate of Rozansky, 171 AD3d at 807; see Dillenbeck v Hess, 73 NY2d at 287; Lombardi v Hall, 5 AD3d 739, 740). "A party does not waive the privilege whenever forced to defend an action in which his or her condition is in controversy or by simply denying the allegations in the complaint" (Peterson v Estate of Rozansky, 171 AD3d at 807; see Dillenbeck v Hess, 73 NY2d at 287-288; Lombardi v Hall, 5 AD3d at 740). "Rather, in order to effect a waiver, a defendant must affirmatively assert the condition 'either by way of counterclaim or to excuse the conduct complained of by the plaintiff'" (Peterson v Estate of Rozansky, 171 AD3d at 807, quoting Koump v Smith, 25 NY2d at 294; see Dillenbeck v Hess, 73 NY2d at 288; Fox v Marshall, 91 AD3d 710, 712; Lombardi v Hall, 5 AD3d at 740; Grafi v Solomon, 274 AD2d 451, 452).
While the plaintiff sustained her initial burden of demonstrating that the defendant's physical condition was in controversy, the defendant did not waive the privilege attached to the medical records, as the defendant did not assert a counterclaim or seek to excuse his conduct due to any condition (see Peterson v Estate of Rozansky, 171 AD3d at 807; Lombardi v Hall, 5 AD3d at 740). Nor was a waiver effected by the defendant's apparent agreement to provide material responsive to the plaintiff's prior disclosure demands (see Sibley v Hayes 73 Corp., 126 AD2d 629, [*2]630). The defendant ultimately responded to those demands by validly asserting privilege. The record was insufficient to establish that the defendant voluntarily disclosed any information to the plaintiff or other third parties which would have served as a waiver of privilege (see Lombardi v Hall, 5 AD3d at 740; Grafi v Solomon, 274 AD2d at 452; cf. Liverano v Devinsky, 278 AD2d 386, 387).
Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendant to provide authorizations for the subject medical records.
BRATHWAITE NELSON, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court