Roswell v County of Suffolk (2025 NY Slip Op 01963)

Roswell v County of Suffolk

2025 NY Slip Op 01963

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-10149 
2023-10152
 (Index No. 5826/15)

[*1]Dustin Roswell, respondent, 
v
County of Suffolk, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Stephanie N. Hill of counsel), for appellants.
Tierney & Tierney, Islip, NY (Thomas E. Scott of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated August 22, 2023, and (2) an order of the same court dated September 15, 2023. The order dated August 22, 2023, granted the plaintiff's motion to compel the production of records pertaining to civilian complaints against the defendant Kevin Corrigan to the extent of directing an in camera review of the records. The order dated September 15, 2023, amended a decretal paragraph in the order dated August 22, 2023, so as to direct the Suffolk County Attorney's Office to provide the records for the in camera review.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal from the orders, and leave to appeal is granted (see CPLR 5701[c]; Bongiorno v Livingston, 20 AD3d 379, 380); and it is further,
ORDERED that the orders are affirmed, with one bill of costs.
In April 2015, the plaintiff commenced this action to recover damages from the defendants, County of Suffolk and Kevin Corrigan, alleging that the plaintiff was unlawfully arrested and assaulted by Corrigan and other Suffolk County police officers. In May 2023, the plaintiff served a discovery demand for records pertaining to civilian complaints against Corrigan, and the plaintiff later moved to compel the production of the records. In an order dated August 22, 2023, the Supreme Court granted the plaintiff's motion to the extent of directing an in camera review of the records. In an order dated September 15, 2023, the court amended a decretal paragraph in the prior order so as to direct the Suffolk County Attorney's Office to provide the records for the in camera review. The defendants appeal.
As an initial matter, no appeal lies as of right from an order directing an in camera inspection of materials claimed to be privileged in aid of determining a motion to compel discovery because it does not affect a substantial right (see CPLR 5701[a][2][v]; Bongiorno v Livingston, 20 AD3d 379, 380; Navedo v Nichols, 233 AD2d 378). We deem it appropriate to grant leave to appeal.
Former Civil Rights Law § 50-a (repealed by L 2020, ch 96, § 1) provided "a blanket shield from public disclosure for police officer personnel records, including records relating to [*2]disciplinary proceedings arising out of allegations of misconduct" (Matter of New York Civ. Liberties Union v Nassau County, 228 AD3d 864, 865 [internal quotation marks omitted]; see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 88). "Effective June 12, 2020, the Legislature repealed Civil Rights Law § 50-a and amended the Public Officers Law to make specific provisions relating to the disclosure of law enforcement disciplinary records and the types of redactions to be made thereto prior to disclosure" (Matter of New York Civ. Liberties Union v Nassau County, 228 AD3d at 865).
The Supreme Court properly granted the plaintiff's motion to compel the production of civilian complaint records, including those created prior to the repeal of Civil Rights Law § 50-a on June 12, 2020, to the extent of directing an in camera review of the records. The plaintiff made the subject discovery request in May 2023, after the legislative amendments to the Public Officers Law were enacted, and thus, the plaintiff was not seeking retroactive application of the statutory amendments to a pending discovery request (see Matter of New York Civ. Liberties Union v Nassau County, 228 AD3d at 865; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92-93). Contrary to the defendants' contentions, "there is no categorical exemption from disclosure for unsubstantiated allegations or complaints of police misconduct" under the Public Officers Law (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92). Moreover, the defendants' conclusory assertions that disclosure of the civilian complaints lodged against Corrigan would be palpably improper or that such documents were privileged and confidential did not outweigh the plaintiff's interest in disclosure of material that was relevant to the plaintiff's action (see CPLR 3101[a]; Estate of Gilbert v Hackett, 183 AD3d 654, 656).
Accordingly, we affirm the orders dated August 22, 2023, and September 15, 2023.
IANNACCI, J.P., GENOVESI, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court